UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LESLIE JAMES PICKERING,

                    Plaintiff,                                    14-CV-330

        v.

U.S DEPARTMENT OF JUSTICE and

                    Defendant.

_____

## REPLY MEMORANDUM OF LAW

### INTRODUCTION

This Reply Memorandum of Law is submitted for defendant United States Department of Justice ("DOJ"), on behalf of its component agencies, the Federal Bureau of Investigation ("FBI") and the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), in further support of their motions for summary judgment, pursuant to Fed. R. Civ. P. 56. This case concerns requests made by plaintiff to the FBI and the ATF under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

### ARGUMENT

### POINT I

### THE FBI'S AND ATF'S MOTIONS SHOULD BE GRANTED

Plaintiff raises a number of points in opposition to the FBI's and ATF's motions for summary judgment. Plaintiff's arguments are addressed by the FBI in the accompanying Bender Declaration and by the ATF in the accompanying Siple Declaration. For the reasons

stated therein and in all other papers submitted by Defendant on the respective motions, the FBI's and ATF's motions should be granted.

<strong><u>POINT II</u></strong>

<strong><u>IT IS PREMATURE TO LITIGATE ATTORNEY'S FEES</u></strong>

Under FOIA, "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  5 U.S.C.A. § 552(a)(4)(E)(i); <u>Warren v. Colvin</u>, 744 F.3d 841, 844 (2d Cir. 2014).  The FOIA statute defines "substantially prevailed" as meaning that the claimant has "obtained relief through either-- (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.  5 U.S.C.A. § 552(a)(4)(E)(ii).

It is well-settled that a request for attorney's fees made before a judgment on the merits is premature.  <u>See, e.g.</u>, <u>Batton v. Evers</u>, 598 F.3d 169, 184 (5th Cir. 2010) (determining that "issue of plaintiff's entitlement to fees and costs is not yet ripe for review"); <u>Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.</u>, 760 F. Supp. 2d 4, 9 n. 5 (D.D.C. 2011) (resolution of entitlement to attorney's fees is "premature" at summary judgment stage); <u>Beltranena v. Clinton</u>, 770 F. Supp. 2d 175, 187 (D.D.C. 2011) (finding request for fees "premature" where plaintiff has "not articulated any need for an interim award of fees"); <u>Coven v. OPM</u>, No. 07-1831, 2009 WL 3174423, at *20 (D. Ariz. Sept. 29, 2009) (deciding that motion for costs premature when final judgment not yet entered); <u>Hussain v. DHS</u>, 674 F. Supp. 2d 260, 272-73 (D.D.C. 2009) (concluding motion for fees premature where final judgment not yet entered and plaintiff gave no reason for need of interim award); <u>Potomac Navigation, Inc. v. U.S.</u>

2

<u>Maritime Administration</u>, No. 09-217, 2009 WL 5030710 (D. Md. Dec. 15, 2009) (determining motion for attorney fees "not ripe").

Accordingly, the Court should deny Plaintiff's motion for fees without prejudice to renew after the motions for summary judgment are decided.

## **<u>CONCLUSION</u>**

Defendant's motions for summary judgment should be granted and plaintiff's complaint should be dismissed in its entirety with prejudice.

DATED:  Buffalo, New York, July 21, 2023

TRINI E. ROSS
United States Attorney


*S/Michael S. Cerrone*

BY:  MICHAEL S. CERRONE
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5851
michael.cerrone@usdoj.gov

3