UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LESLIE JAMES PICKERING,

Plaintiff,

v.

14-CV-330

U.S. DEPARTMENT OF JUSTICE,

Defendant.

## REPLY MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS TO THE REPORT AND RECOMMENDATION

## INTRODUCTION

This Reply Memorandum of Law is submitted on behalf of defendant United States Department of Justice ("DOJ") and its component agencies, the Federal Bureau of Investigation ("FBI") and the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), in further support of their Objections to Magistrate Judge Leslie G. Foschio's September 29, 2023 Report and Recommendation ("R & R").  Dkt. # 71.

## ARGUMENT

## OBJECTION # 1

## PLAINTIFF DOES NOT CONTEST ATF'S ARGUMENT ON THE ISSUE OF SEGREGABILITY WITH RESPECT TO THE ATF AUDIO TAPES

As shown in DOJ's Objections, the R & R was in error for recommending that the

DOJ be required to create documents that do not exist – a recommendation that it is plainly

contrary to FOIA.  Plaintiff did not respond to this argument and the Court should reject this portion of the R & R.[1]

## OBJECTIONS # 2 AND # 3

## THE R & R WAS IN ERROR WITH RESPECT TO FOIA EXEMPTION 5

With respect to FOIA Exemption 5 and the attorney-client privilege, Plaintiff argues that the Court should conduct an *in camera* inspection of the documents to determine if the exemption applies or, in the alternative, should direct the FBI to make a supplemental submission concerning the applicability of this exemption.  Dkt. # 78, p. 3.

There are two problems with Plaintiff's argument.  First, Plaintiff has failed to address the substantive arguments raised by the FBI in its Objections and the R & R should be rejected for those reasons.  Second, Plaintiff's request for an *in camera* inspection is meritless.  "*In camera* review is appropriate" under FOIA only "where the government seeks to exempt entire documents but provides only vague or sweeping claims as to why those documents should be withheld."  Jabar v. United States Dep't of Just., No. 22-226, 2023 WL 2169960, at *6 (2d Cir. Feb. 23, 2023) (quoting Associated Press v. U.S. Dep't of Just., 549 F.3d 62, 67 (2d Cir. 2008)); Local 3, Int'l Bhd. of Elec. Workers, 845 F.2d 1177, 1180 (2d Cir. 1988) ("In camera review is considered the exception, not the rule, and the propriety of such review is a matter entrusted to the district court's discretion.").  "When a government agent can attest in a sworn affidavit that the redactions are necessary, and elaborate on the reasons for the redactions

---

[1] As stated in the DOJ's Objections at footnote 2, the ATF has advised that 16 of the 18 audio cassette tapes, that were initially located in 2014 in response to Plaintiff's FOIA request, are lost and the remaining two were inadvertently destroyed while ATF attempted to comply with the R & R. Plaintiff has requested that the ATF provide more information concerning how the tapes were lost or destroyed.  Dkt. # 78, pp. 2-3.  The ATF does not oppose this request and will provide a declaration under oath describing what occurred upon direction of the Court.

with sufficient specificity, the district court should be able to rule on the appropriateness of the redactions without conducting an *in camera* review of the redacted materials." Halpern v. F.B.I., 181 F.3d 279, 287 (2d Cir. 1999). Because the FBI has submitted a detailed, non-conclusory declaration, and Plaintiff has provided no evidence of agency bad faith, *in camera* review is not warranted in this case.[2]

With respect to FOIA Exemption 5 and the deliberate process privilege, Plaintiff argues that the FBI has not met its burden of showing that this exemption applies to investigative notes. Dkt. # 78, pp. 3-4. However, as stated in the Objections, there were, in fact, no notes contained in the Vaughn index and, thus, Plaintiff's argument is moot and the R & R should be rejected on this issue.

## OBJECTION # 4

## THE R & R WAS IN ERROR CONCERNING FOIA EXEMPTION 7(A)

In response to the FBI's argument that the R & R was in error with respect to FOIA Exemption 7(A), Plaintiff cites to the Declaration of Joseph Bender that was submitted in March 2023 with the FBI's supplemental summary judgment motion. Dkt. # 78, p. 1 (quoting Dkt. # 62-1, ¶ 75). Citing to this March 2023 Bender Declaration, Plaintiff argues that the justification for the FBI's assertion of FOIA Exemption 7(A) was inadequate and, thus the R & R should be adopted on this point. Dkt. # 78, p. 1.

However, Plaintiff ignores the fact that the FBI submitted a *reply* declaration in July 2023 which directly addressed this point and provided a more fulsome explanation for its

---

[2] Alternatively, the Court should permit the FBI to make a supplemental submission to show the applicability of the attorney-client privilege. See e.g., Hall, 668 F.Supp.2d at 188–93 (permitting federal agency to submit a "supplemental filing" in support of its invocation of certain FOIA exemptions, including attorney-client privilege and deliberative process privilege).

withholding of information under FOIA Exemption 7(A). Dkt. # 70-1, ¶ 23. Indeed, the FBI

quoted from this supplemental declaration in its Objections:

> The FBI protected investigations in the records at issue which are unknown, meaning not publicly acknowledged by the FBI, and which could be hindered by the target of the investigation being known. These investigations are still ongoing and have continued investigative value to the FBI and the release of this information will reveal non-public information concerning pending enforcement procedures, to include the existence of non-public investigations or proceedings.

Dkt. # 74, p. 22 (quoting Dkt. # 70-1, ¶ 23). Given that "[a]gency affidavits … are presumed

to have been made in good faith," Kuzma v. U.S. Dep't of Just., No. 12-CV-807S, 2014 WL

4829315, at *1 (W.D.N.Y. Sept. 29, 2014), the R & R was in error for not accepting the FBI's

explanation that records exempted "protected investigations … which are … not publicly

acknowledged by the FBI, and which could be hindered by the target of the investigation

being known." Dkt. # 70-1, ¶ 23.

## OBJECTION # 5

## THE R & R WAS IN ERROR CONCERNING FOIA EXEMPTION 7(F)

With respect to the ATF's assertion of FOIA Exemption 7(F), Plaintiff contends that

the R & R should be adopted because the ATF's explanation for its assertion of this exemption

was conclusory. Dkt. # 78, p. 2. While the ATF acknowledges that additional detail could

have assisted the Court in better evaluating the risk to the unnamed individual, the Court

should "defer to the agency's assessment of danger," Linn v. Dep't of Justice, 1995 WL

631847, at *9 (D.D.C. Aug. 22, 1995), and should have accorded the ATF's declaration a

presumption of good faith, Kuzma, 2014 WL 4829315, at * 2. Alternatively, given the

seriousness of the matter, the Court should permit the ATF to make a supplemental

submission to show the applicability of FOIA Exemption 7(F). See e.g., Hall v. CIA, 668

F.Supp.2d at 188–93 (permitting supplemental submission to show the applicability of FOIA exemptions).[3]

## **CONCLUSION**

The R & R should not be adopted on the issues discussed above, and Defendant's motion for summary judgment should be granted in its entirety.

DATED:  Buffalo, New York, January 2, 2024

TRINI E. ROSS
United States Attorney

BY:    s/MICHAEL S. CERRONE
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5851
michael.cerrone@usdoj.gov

---

[3] Plaintiff cites to Frankenberry v. Federal Bureau of Investigation, 2012 WL 983556 (M.D. Pa. March 22, 2012).  However, the cited document is merely a district judge's order adopting an R & R without any analysis.  A review of the R & R shows that FOIA Exemption 7(F) was not at issue. Frankenberry v. F.B.I., No. CIV.A. 3:08-1565, 2010 WL 8510349, at *21 (M.D. Pa. Sept. 10, 2010).