```
UNITED STATES  DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------x        14-CV-330(RJA-LGF)
LESLIE JAMES PICKERING,
            Plaintiff,
vs.
                                     Buffalo, New York
U.S. DEPARTMENT OF JUSTICE,          September 11, 2014
            Defendants.
----------------------------x
```

**SCHEDULING CONFERENCE**

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


FOR PLAINTIFF:        MICHAEL KUZMA, ESQ.
                      1893 Clinton Street
                      Buffalo, New York 14206

FOR DEFENDANT:        OFFICE OF THE UNITED STATES ATTORNEY
                      BY:  MICHAEL S. CERRONE, AUSA
                      Federal Centre
                      138 Delaware Avenue
                      Buffalo, New York 14202



TRANSCRIBER:          Diane S. Martens
                      dmartensreporter@gmail.com


(Proceedings recorded by electronic video recording,
 transcript produced by computer.)

Pickering v. U.S. Dept. of Justice - 14-CV-330

**P R O C E E D I N G S**

\*          \*          \*

(**Via teleconference**:)

**THE CLERK:**  Pickering v. United States Department of Justice.

Appearing for the plaintiff is Michael Kuzma.

And appearing for the defendant is Assistant United States Attorney Michael Cerrone.

We're here for a scheduling conference.

**MAGISTRATE JUDGE FOSCHIO:**  Good afternoon, everyone.

**UNIDENTIFIED SPEAKER:**  Good afternoon.

**UNIDENTIFIED SPEAKER:**  Good afternoon, Judge.

**MAGISTRATE JUDGE FOSCHIO:**  We need an injunction and relief, other relief seeking disclosure release of agency records pertaining to plaintiff allegedly improperly -- oh, to plaintiff improperly withheld from him by the FBI and ATF.

So it's a FOIA case?

**UNIDENTIFIED SPEAKER:**  Correct.

**UNIDENTIFIED SPEAKER:**  Yes, your Honor.

**MAGISTRATE JUDGE FOSCHIO:**  And what do we need here? Let's see.  We ask that you -- we did have this motion last July about the Vaughn Index.  Did we rule on that motion?

**MR. CERRONE:**  No, your Honor, the government did not oppose the request for a Vaughn Index but we merely asked the

Pickering v. U.S. Dept. of Justice - 14-CV-330

Court to defer setting a schedule for the production of the Vaughn Index until today.

**MAGISTRATE JUDGE FOSCHIO:**  Well, we could do that.  And then what?  Then we need --

**MR. KUZMA:**  I think we need a schedule for the Vaughn Index and for dispositive motions.

I really don't think there's much more, right, Mike?

**MR. CERRONE:**  That's correct.

**THE CLERK:**  There's two Pickerings?

**MR. CERRONE:**  That's correct.  There's another case that's been fully briefed that's with Judge Arcara.

**MAGISTRATE JUDGE FOSCHIO:**  Oh.

**MR. CERRONE:**  That's, what is that, 12-CV, 12 -- wait. What's the number?  674.  No.  13-CV-674.

**MAGISTRATE JUDGE FOSCHIO:**  Did it pass through the hands of another magistrate judge other than myself?

**MR. KUZMA:**  No, it's yours, Judge.

**MR. CERRONE:**  No.

**MAGISTRATE JUDGE FOSCHIO:**  Did I write on it?  Did I write --

**MR. KUZMA:**  No.

**MAGISTRATE JUDGE FOSCHIO:**  Well, how did it get up in Judge Arcara?

**MR. CERRONE:**  Well, the government in these cases, your Honor, doesn't consent to having the magistrate judge hear

Pickering v. U.S. Dept. of Justice - 14-CV-330

the case.

**MAGISTRATE JUDGE FOSCHIO:**  Oh.  Is that so?

**MR. CERRONE:**  That's -- unless the government's position has changed -- that's my understanding.

**MAGISTRATE JUDGE FOSCHIO:**  Oh, that's a news flash to me.

(Indiscernible.)

**MAGISTRATE JUDGE FOSCHIO:**  Oh, it's pending before me. You said it's before Judge Arcara.  That's what's throwing me off.  I'm sorry.

**MR. KUZMA:**  Yeah.

**THE CLERK:**  There's --

**MR. KUZMA:**  It's pending for an R and R, right?

**THE CLERK:**  Right.

**MR. KUZMA:**  Yeah.

**THE CLERK:**  There's no consent and the summary judgment motion is pending before you, Judge.

**MAGISTRATE JUDGE FOSCHIO:**  Oh, okay.  So --

**MR. CERRONE:**  Okay.  I'm sorry.  I'm a little confused.

**MAGISTRATE JUDGE FOSCHIO:**  You said Judge Arcara.  You threw me off.  I'm thinking --

**MR. KUZMA:**  Just, just --

**MAGISTRATE JUDGE FOSCHIO:**  -- is this my case or is it some other magistrate judge already did the R and R and sent it up to Judge Arcara.

Pickering v. U.S. Dept. of Justice - 14-CV-330

**MR. CERRONE:** Your Honor, I could probably provide a little bit of context between the two cases.

**MAGISTRATE JUDGE FOSCHIO:** Sure.

**MR. CERRONE:** Mr. Kuzma originally commenced a lawsuit against the Department of Justice which included the Executive Office for U.S. Attorneys, the FBI, Postal Service. Was that it?

**MR. KUZMA:** And TSA.

**MR. CERRONE:** And TSA. The government made a motion to dismiss on various grounds. Mr. Kuzma and his client decided to withdraw their claim as against the FBI. I'm assuming because of procedural defects or alleged procedural defects with their FOIA request. They then submitted a new FOIA request to the FBI and that's what this lawsuit concerns: It's the new FOIA request.

**MAGISTRATE JUDGE FOSCHIO:** Okay. I'm trying to understand how it relates to the other case.

**MR. CERRONE:** Same person. The --

**MAGISTRATE JUDGE FOSCHIO:** Same person.

**MR. CERRONE:** The FOIA requests are all concerning the same person, Mr. Pickering.

**MAGISTRATE JUDGE FOSCHIO:** Why is this case different from the first case again, please?

**MR. KUZMA:** Well, what happened with the first case, we, we sued the FBI. However, the government brought to our

6

Pickering v. U.S. Dept. of Justice - 14-CV-330

attention that we, certain letters that the -- one of the plaintiffs Geoff Kelly, the editor at Art Voice (phonetic), some letters hadn't been sent.  We hadn't properly exhausted our administrative remedies.  So when the government brought that to our attention, we withdrew that claim against the FBI.  So Mr. Pickering submitted a new round of FOIA requests to the FBI.

In addition, there's a new component brought into this litigation and that's the Alcohol, Tobacco and Firearms, and I guess they've also added Explosive.  So it's ATF.  ATF and FBI are under the DOJ umbrella so we've sued the DOJ. They're the proper party defendant in a case such as this.

**MAGISTRATE JUDGE FOSCHIO:**  I don't understand why the two cases aren't blended in some way.  That's what I'm not getting right.

If it's essentially the same plaintiff or the same documents --

**MR. KUZMA:**  But we --

**MAGISTRATE JUDGE FOSCHIO:**  -- that are within the DOJ per -- you know, custody --

**MR. KUZMA:**  Well --

**MAGISTRATE JUDGE FOSCHIO:**  -- shouldn't it all be --

**MR. KUZMA:**  We brought the -- your Honor, with respect to the FBI, the previous case, 13-CV-674, Geoff Kelly was the requestor.  He had gotten a release --

Pickering v. U.S. Dept. of Justice - 14-CV-330

**MAGISTRATE JUDGE FOSCHIO:** Oh.

**MR. KUZMA:** -- from Mr. Pickering.

**MAGISTRATE JUDGE FOSCHIO:** Oh.

**MR. KUZMA:** So what happened with this request, Mr. Pickering, himself, made the request.

**MAGISTRATE JUDGE FOSCHIO:** Oh. But --

**MR. KUZMA:** The FBI didn't comply with the statutory time requirements. We filed an administrative appeal, OIP, Office of Information policy didn't comply with the time requirements. So we commenced action against the FBI.

With respect to the ATF we made, Mr. Pickering -- well, actually I made that request on Mr. Pickering's behalf and the F -- ATF claimed that the records were exempt from disclosure under the (b)(7)(A) exemption, which is the ongoing investigation exemption. We filed an administrative appeal and the action of the ATF was affirmed.

**MAGISTRATE JUDGE FOSCHIO:** I guess what I'm trying to get at is in resolving this case, should I blend my consideration with the pending case; in other words, if I were to rule on the pending case, which is fully briefed, apparently or ready for a decision?

**MR. KUZMA:** Yes, your Honor.

**MAGISTRATE JUDGE FOSCHIO:** Yeah.

Will that dispose of the merits of this case?

**MR. KUZMA:** Well, actually, I think with respect to --

Pickering v. U.S. Dept. of Justice - 14-CV-330

**MAGISTRATE JUDGE FOSCHIO:**  Does this case raise different issues?

**MR. KUZMA:**  Well, with respect to the -- we'll call it FOIA case one, if the case rules with respect to the Postal Service that we failed, we being the plaintiffs, failed to properly exhaust our administrative remedies, it will move the case -- and Mr. Cerrone can jump in at any time if I'm unclear or if he has a different perspective.  But if the Court rules, yes, the government's correct, you failed to exhaust your administrative remedies before commencing this suit, that can dispose of the Postal Service.  The EOUSA, there's an issue as to whether or not the EOUSA had received a proper certification of identity form from me.  So that -- we didn't even get into claims of exemption or number of pages.

And then with respect to TSA, we're talking about roughly, what, 12 pages.  So I think the issues, even though it's a FOIA case, are unique to this instant action.

**MR. CERRONE:**  Yeah, I would agree with that, your Honor.

**MAGISTRATE JUDGE FOSCHIO:**  Okay.  The FOIA --

**MR. CERRONE:**  Just because there's -- every FOIA request to each agency has its own, they're almost each own -- their own mini case --

**MAGISTRATE JUDGE FOSCHIO:**  Oh.

**MR. CERRONE:**  -- because they have their own

Pickering v. U.S. Dept. of Justice - 14-CV-330

administrative history, their own administrative record --

**MAGISTRATE JUDGE FOSCHIO:** I see.

**MR. CERRONE:** -- that can create certain defenses on behalf of the government.

**MAGISTRATE JUDGE FOSCHIO:** That are --

**MR. CERRONE:** And then the particular documents that each agency has are different. You know, sometimes they're duplicates. Sometimes each agency will have similar documents. But typically each agency has its own documents concerning the requester and, thus, the exemptions are going to be diff -- you know, might be similar might be different. There's just enough distinctions that --

**MAGISTRATE JUDGE FOSCHIO:** Not an over --

**MR. KUZMA:** I don't think.

**MAGISTRATE JUDGE FOSCHIO:** Not an obvious overlap?

**MR. KUZMA:** Yeah.

**MAGISTRATE JUDGE FOSCHIO:** And, therefore, we can forge ahead on the first case --

**MR. CERRONE:** Yes.

**MAGISTRATE JUDGE FOSCHIO:** -- when we get to it.

**MR. CERRONE:** Plus I think they're going to be so different as far as the timeframe of the litigation track.

**MAGISTRATE JUDGE FOSCHIO:** Yeah.

**MR. CERRONE:** Yeah.

**MAGISTRATE JUDGE FOSCHIO:** I was just looking for

Pickering v. U.S. Dept. of Justice - 14-CV-330

economy, you know --

**MR. KUZMA:** Yes.

**MAGISTRATE JUDGE FOSCHIO:** -- efficiencies.

**MR. CERRONE:** Understood.

**MAGISTRATE JUDGE FOSCHIO:** You've answered the question. Thank you. Thank you, thank you.

So we just need two dates then? The Vaughn Index so-called and dispositive motion dates.

**MR. CERRONE:** Well, if I may address that, your Honor. There are two defendants -- well, there's one defendant in this case. There's the United States Department of Justice but there's two components that are sued and, as Mr. Kuzma said, it's the FBI and the ATF.

**MAGISTRATE JUDGE FOSCHIO:** Right.

**MR. CERRONE:** There are two separate FOIA demands, one to each of those agencies.

**MAGISTRATE JUDGE FOSCHIO:** Yeah.

**MR. CERRONE:** The ATF and FBI have advised me on the extent of the documents that they have regarding Mr. Pickering and the time --

**MAGISTRATE JUDGE FOSCHIO:** Mm-mm.

**MR. CERRONE:** -- that they will need --

**MAGISTRATE JUDGE FOSCHIO:** Mm-mm.

**MR. CERRONE:** -- to provide both a Vaughn Index and release to Mr. Kuzma nonexempt documents.

Pickering v. U.S. Dept. of Justice - 14-CV-330

The ATF is quite a bit simpler so I will just start there. They've advised me that they are prepared to provide a Vaughn Index and to release nonexempt documents to Mr. Kuzma by the end of this calendar year, December 31st of 2014.

**MAGISTRATE JUDGE FOSCHIO:** Okay.

**MR. CERRONE:** The FBI is a little bit more complex because there are far more documents. The FBI has informed me that there are tens of thousands of documents concerning Mr. Pickering and that it is going to take a substantial amount of time to review these documents, to provide both a Vaughn Index and to release nonexempt documents.

The FBI has told me that in order for it to review all of these documents for all of the applicable exemptions under FOIA, it could take as long as three years.

The FBI is proposing a bifurcated process which will cut that in half. And I've discussed this with Mr. Kuzma this morning by phone, just to alert him to what I'm going to promise and we had a discussion there and he can certainly chime in once I let your Honor know what the FBI is proposing.

The vast majority of the documents, I have been told by the FBI, are going to be subject to the ongoing investigation exemption which is (b)(7)(A). And what the FBI is proposing is to bifurcate this proceeding and will occur -- or what the

12

Pickering v. U.S. Dept. of Justice - 14-CV-330

FBI's proposing will occur is that the FBI will review all of the documents in the first instance for (7)(A) exemption, and mechanically will take documents that fit the (7)(A) exemption and put them into a (7)(A) pile. And then any testimony documents that are not (7)(A), put them into the non(7)(A) pile and then review them for all of the FOIA exemptions.

And just as an example, let's say that there are --

**MAGISTRATE JUDGE FOSCHIO:** Why are you -- why -- oh, I see. Because normally -- I was about to ask why do you need to tell me all this -- interesting -- but it bears on --

**MR. CERRONE:** The timeframe.

**MAGISTRATE JUDGE FOSCHIO:** -- the dates that we would --

**MR. CERRONE:** Yes, exactly.

**MAGISTRATE JUDGE FOSCHIO:** -- put in place for the Vaughn Index.

**MR. CERRONE:** Yes, so.

**MAGISTRATE JUDGE FOSCHIO:** So basically you're asking for two Vaughn Indexes?

**MR. CERRONE:** If I can just finish --

**MAGISTRATE JUDGE FOSCHIO:** Yeah.

**MR. CERRONE:** -- finish --

**MAGISTRATE JUDGE FOSCHIO:** Go ahead.

**MR. CERRONE:** -- finish the procedure.

**MAGISTRATE JUDGE FOSCHIO:** Okay.

Pickering v. U.S. Dept. of Justice - 14-CV-330

**MR. CERRONE:** So the procedure for a FOIA employee at the FBI, if they're reviewing a document for all FOIA exemptions, they literally have to go line by line of every single document to look for applicable FOIA exemptions and that takes -- obviously it takes a lot of time.

If we adopt the procedure the FBI's proposing, they'll be able to look at a document and say that's a (7)(A), put it into the (7)(A) pile, look at the next document and say that's not (7)(A), put that into the non(7)(A) pile.

**MAGISTRATE JUDGE FOSCHIO:** Without reading every line.

**MR. CERRONE:** Exactly.

**MAGISTRATE JUDGE FOSCHIO:** How are --

**MR. CERRONE:** Now --

**MAGISTRATE JUDGE FOSCHIO:** -- they going to do that?

**MR. CERRONE:** Hypothetically -- well, the -- they can look at it just by the nature of the document because (7)(A) applies to ongoing investigations.

**MAGISTRATE JUDGE FOSCHIO:** Well, how --

**MR. CERRONE:** So --

**MAGISTRATE JUDGE FOSCHIO:** Well, how will the document -- I mean, is there some box on it that says ongoing investigation --

**MR. CERRONE:** It --

**MAGISTRATE JUDGE FOSCHIO:** -- or --

**MR. CERRONE:** It will really --

Pickering v. U.S. Dept. of Justice - 14-CV-330

**MAGISTRATE JUDGE FOSCHIO:** -- color of the paper or something?

**MR. CERRONE:** It will depend on the date. It will depend on the title to the document. There's a lot of markers that will clue the person in to whether or not this document relates to an ongoing investigation.

Let's say hypothetically there were 10,000 documents and 7500 were (7)(A) and 2500 were not (7)(A). What the FOIA employee then could do is look for all of the applicable exemptions as to only 2500 documents as opposed to all 10,000 documents.

**MAGISTRATE JUDGE FOSCHIO:** I understand what you're saying.

**MR. CERRONE:** And I --

**MAGISTRATE JUDGE FOSCHIO:** I'm just kind of curious --

**MR. CERRONE:** Yeah.

**MAGISTRATE JUDGE FOSCHIO:** Mechanically speaking, how one, if one was handed a piece of paper from -- with Mr. Pickering's name on it presumably -- well, that doesn't necessarily mean that it doesn't relate to him, as I think I discovered in another FOIA case where I was assured by the Assistant U.S. Attorney that if I ruled in the government's favor, I would not get reversed by the Second Circuit.

**MR. CERRONE:** That wasn't me.

**MAGISTRATE JUDGE FOSCHIO:** I know it wasn't you. He's

Pickering v. U.S. Dept. of Justice - 14-CV-330

now retired.

And I did.  And I got my head handed to me by the Second Circuit.  Even though my original instinct was to rule against them.

So, I hear what you're saying but I'm obviously taking everything with a grain of salt, you know.  Once bitten, twice warned, Mr. Cerrone.

**MR. CERRONE:**  Well, I mean --

**MAGISTRATE JUDGE FOSCHIO:**  But I --

**MR. CERRONE:**  -- I --

**MAGISTRATE JUDGE FOSCHIO:**  -- seriously, you're saying that it is feasible for this to happen.  That's --

**MR. CERRONE:**  Yes.

**MAGISTRATE JUDGE FOSCHIO:**  -- all I need to know --

**MR. CERRONE:**  And really --

**MAGISTRATE JUDGE FOSCHIO:**  -- I guess.

**MR. CERRONE:**  And really what -- really the whole point is to finish it more quickly.  If we have, if we have the FBI look for all exemptions on every single document, it's going to take three years.  And that's -- and really just to provide your Honor with a little bit of background.

**MAGISTRATE JUDGE FOSCHIO:**  Why is that?  Because they only have one person doing it?

**MR. CERRONE:**  One person per case, yes.  And it's just because of the high volume of FOIA requests that have

Pickering v. U.S. Dept. of Justice - 14-CV-330

followed the Edward Snowden matter.

**MAGISTRATE JUDGE FOSCHIO:**  Oh.

**MR. CERRONE:**  The FBI is absolutely inundated with FOIA requests.

**MAGISTRATE JUDGE FOSCHIO:**  Oh.

**MR. CERRONE:**  And the processing times for every case have substantially increased.

**MAGISTRATE JUDGE FOSCHIO:**  Nationwide?

**MR. CERRONE:**  Nationwide.

And just to provide your Honor with a little bit of context, Mr. Kuzma told me in our phone conversation today, that he sued on a FOIA request regarding Leonard Peltier who is the same activist in the Dakotas in the '70s.

**MAGISTRATE JUDGE FOSCHIO:**  We --

**MR. CERRONE:**  He was convicted --

**MAGISTRATE JUDGE FOSCHIO:**  We have that case.

**MR. CERRONE:**  He was convicted of --

**MR. KUZMA:**  That was --

**MR. CERRONE:**  -- murdering FBI agents and.

**MAGISTRATE JUDGE FOSCHIO:**  We have that case, don't we?  Is that --

**MR. KUZMA:**  We had a -- no, that's the Ray Robinson case --

**MAGISTRATE JUDGE FOSCHIO:**  Oh.

**MR. KUZMA:**  -- which is somewhat --

Pickering v. U.S. Dept. of Justice - 14-CV-330

MR. CERRONE:  Yeah.

MR. KUZMA:  -- linked to what happened in the '70s.

MAGISTRATE JUDGE FOSCHIO:  Yeah, he was killed out there.

MR. KUZMA:  Yeah, civil rights activist, correct.

MR. CERRONE:  And I have the Robinson case as well, your Honor.  But the --

MAGISTRATE JUDGE FOSCHIO:  Right.

MR. CERRONE:  *Peltier* case was an earlier case that Mr. Kuzma had.  And in that case, the FBI had something on the order of 150,000 pages of documents and I think Mr. Kuzma said it took three to five years to process those documents.  So this is not unusual, given the volume.

And what we are proposing is a process whereby we could get the documents to Mr. Kuzma in half the time.  And, basically, the way it would work again, is that we would provide a Vaughn Index and release nonexempt documents to Mr. Kuzma within 18 months or by March 31 of 2014.

And with respect to the (7)(A) documents, again, hypothetically let's say there's 10,000 documents, there's 7500 that are (7)(A), there's 2500 that are non(7)(A) and let's say we produce 1500 nonexempt documents and a thousand are exempt under other portions of the FOIA statute, let's just -- just as a hypothetical, those 7500 (7)(A)s, we would both make our dispositive motions, I would say they're

Pickering v. U.S. Dept. of Justice - 14-CV-330

exempt.  Mr. Kuzma would say they're not exempt.  Your Honor would rule in an R and R.  The District Judge would make the final decision on the summary judgment motion.  And if the Court agreed that they were (7)(A), then that issue would be done.  If the Court said some are (7)(A), some are not, then the reason I use the term bifurcation is the FBI would not be waiving other potentially applicable exemptions.

So then that issue would essentially come back to us and the FBI could then do a secondary review of -- let's say a thousand of those 7500 the Court determined were not appropriately marked as exempt under (7)(A), they would come back, the FBI would do a secondary review for other applicable exemptions, produce a follow up Vaughn Index and we could litigate the applicability of those other exemptions.

So it's a bit of a convoluted process but we think it's the most efficient process for us to comply with FOIA and provide Mr. Kuzma with nonexempt documents in as quickly a manner -- in as quick a manner as possible.

**MAGISTRATE JUDGE FOSCHIO:**  Meanwhile the ATF documents would also proceed on a different track.

**MR. CERRONE:**  Yes.  As I said, the ATF is prepared to provide a Vaughn Index and nonexempt documents to the Court and Mr. Kuzma by December 31 of 2014.

So I would leave it up to the Court.

Pickering v. U.S. Dept. of Justice - 14-CV-330


**MAGISTRATE JUDGE FOSCHIO:**  So we have the potential for multiple R and Rs and staggered dispositions of the entire case by the Court?

**MR. CERRONE:**  I think that is right, your Honor.  I think it would make sense to have two dispositive motion deadlines.

**MAGISTRATE JUDGE FOSCHIO:**  No, I'm just trying to visualize this.

**MR. CERRONE:**  Yeah.

**MAGISTRATE JUDGE FOSCHIO:**  This is different than our normal practice which is, you know, you deal with everything in one fell swoop.  But here we have something which, you know, to quote the famous now deceased member of the litigation bar Manly Fleischmann when he was told about some complex case, he was said to lean back in his chair and gaze at the ceiling and say:  Ah, the tantalizing vista of unending litigation.

Sounds like a full employment lawsuit to me.  Has this been done in other cases?  Is it recognized by the courts as proper?

**MR. CERRONE:**  I can certainly provide your Honor with a citation.  I do not have one with me today.  But I can, I can inform you that FBI counsel has told me that this is something that is common --

**MAGISTRATE JUDGE FOSCHIO:**  Have you ever done --

Pickering v. U.S. Dept. of Justice - 14-CV-330

**MR. CERRONE:**  -- in the D.C.

**MAGISTRATE JUDGE FOSCHIO:**  -- it before?

**MR. CERRONE:**  I have not.  Yeah, my FOIA experience is relatively recent and it only dates to Ms. Wolf's retirement. But the FBI -- obviously these issues are more heavily litigated in the D.C. Circuit.  And this is the type of thing I have been informed by FBI counsel that does occur in these large disclosure cases.

**MAGISTRATE JUDGE FOSCHIO:**  Well, Mr. Kuzma is sort of the resident local expert here, I guess.

**MR. CERRONE:**  He sure is.

**MAGISTRATE JUDGE FOSCHIO:**  Sort of just offer our hat to him and ask him.  Well --

**MR. KUZMA:**  Your Honor, if I may.

**MAGISTRATE JUDGE FOSCHIO:**  -- what do you say, Mr. Kuzma?

**MR. KUZMA:**  With respect to the *Peltier* case which was brought in the District of Minnesota, it went up to the Eighth Circuit.  There's a decision from spring of 2009.

But what happened in that case is we had made FOIA requests to every field office of the FBI, including the Buffalo office.  And that case was heard by Judge Skretny. But what happened in that case, we sued mainly for the Chicago field office and the Minneapolis field office.  Now the Minneapolis office was the field -- FBI field office of

Pickering v. U.S. Dept. of Justice - 14-CV-330

origin for the RESMURS investigation.  And the government attorney in that case indicated that there were 90,000 pages just in the Minneapolis office.  Nationwide there were 142,500 pages.  And with the FBI, you have to be careful to say "pages" not "documents" because a document could have 70 pages.  So there were 90,000 pages in Minneapolis.

And what we agreed to do in that case with the, with the government attorney and with Court oversight is we agreed that the FBI would process the pages and they would give the Court a report and they would release pages every 90 days. And they were given, I believe, three to five years to process the material.

So I think what would be helpful here is if we actually had a page count.  So right now all we have is tens of thousands of pages.  So that could be 20,000 or perhaps it is comparable to the *Peltier* case.

**MAGISTRATE JUDGE FOSCHIO:**  100,000.

**MR. KUZMA:**  But what the FBI did in that case -- and this was before they were putting stuff on CD -- I would get these giant boxes at my office.  I actually one time had to help the FedEx driver unload these boxes of pages.  But we -- during the course of that litigation, we also agreed if the same document appeared multiple times in the file, we would just want one copy.  So the 90,000 was reduced to 77,000 plus pages.  So we had these 90-day releases and then at the end

Pickering v. U.S. Dept. of Justice - 14-CV-330

of the three years, I believe it was, we then filed, the government filed a Vaughn Index. We filed, the government filed for summary judgment. We filed --

**MAGISTRATE JUDGE FOSCHIO:** So what you got was full text not redacted.

**MR. KUZMA:** Well, there were -- some pages were with held in their entirety. Some pages were released in full or in part and then the government said, well, some stuff is exempt under whatever, (b)(1), (b)(7)(A) and what have you and then we would fight those redactions. The concern I have -- and I haven't had an opportunity to talk to Mr. Finnerty or Mr. Irwin or my client.

**MAGISTRATE JUDGE FOSCHIO:** Mr. Who?

**MR. KUZMA:** Mr. Finnerty's involved in the case. Mr. Irwin is also involved. And my client currently is out of town.

**MAGISTRATE JUDGE FOSCHIO:** Oh.

**MR. KUZMA:** But my concern with respect to this proposal by the government where they would just have this blanket (b)(7)(A) or whatever, 7500 pages or 5,000 pages is that the law requires that they release any nonexempt portions. So, of course, we would argue --

**MAGISTRATE JUDGE FOSCHIO:** Portions.

**MR. KUZMA:** Yes. So we would argue that they can't use blanket exemptions for the (b)(7)(A). Our position would be

Pickering v. U.S. Dept. of Justice - 14-CV-330

there must be something, even if there's several lines that aren't covered.

**MAGISTRATE JUDGE FOSCHIO:** But wouldn't the ongoing investigation exemption cover the whole document as a matter of law.

**MR. KUZMA:** No. I would, I would argue -- number one.

**MAGISTRATE JUDGE FOSCHIO:** You got --

**MR. KUZMA:** The reason that Mr. --

**MAGISTRATE JUDGE FOSCHIO:** -- to look through this sentence by sentence?

**MR. KUZMA:** Well, with respect to Mr. Pickering, he was associated purportedly with the Earth Liberation Front media office and that was the reason he became the subject of an FBI probe. Now, ELF is --

**MAGISTRATE JUDGE FOSCHIO:** What was that again, Earth?

**MR. KUZMA:** The Earth Liberation Front or ELF for short.

**MAGISTRATE JUDGE FOSCHIO:** Front media office.

**MR. KUZMA:** Yes.

**MAGISTRATE JUDGE FOSCHIO:** What is that?

**MR. KUZMA:** Or press office and they would get these communiques.

**MAGISTRATE JUDGE FOSCHIO:** Why was the Earth Liberation Front even --

**MR. KUZMA:** This was --

**MAGISTRATE JUDGE FOSCHIO:** -- even an --

Pickering v. U.S. Dept. of Justice - 14-CV-330

**MR. CERRONE:** Your Honor, it was a ECO.

**MAGISTRATE JUDGE FOSCHIO:** FBI investigation.

**MR. CERRONE:** Your Honor it was an ECOterrorism group that was operated in the pa -- largely in the Pacific Northwest in the early 2000s, as I recall?

**MAGISTRATE JUDGE FOSCHIO:** ECO.

**MR. CERRONE:** ECOterrorism.

**MAGISTRATE JUDGE FOSCHIO:** What's ECO --

**MR. CERRONE:** They were like.

**MAGISTRATE JUDGE FOSCHIO:** -- terrorism?

**MR. CERRONE:** As I recall they were, they were at least charged with being responsible for burning down housing developments. They were arguing that excessive development was harming the environment, as I recall.

**MAGISTRATE JUDGE FOSCHIO:** Oh, my gosh.

**MR. KUZMA:** I believe actually --

**MAGISTRATE JUDGE FOSCHIO:** They were operating --

**MR. KUZMA:** In the Northwest allegedly. It was back in the late '90s. There's a film, a documentary called *If a Tree Falls.* But there hasn't been any ELF actions in well over a decade, if not longer.

**MAGISTRATE JUDGE FOSCHIO:** Okay.

**MR. KUZMA:** So I think --

**MAGISTRATE JUDGE FOSCHIO:** But that's what the FBI was investigating. What is the connection of ECOterrorism? What

Pickering v. U.S. Dept. of Justice - 14-CV-330

does ECO mean?

**MR. KUZMA:**  It's a term the government's come up with so I'll defer --

**MR. CERRONE:**  Ecological --

**MAGISTRATE JUDGE FOSCHIO:**  Ecological.

**MR. CERRONE:**  Yes.

**MAGISTRATE JUDGE FOSCHIO:**  Oh, I'm sorry, eco.

**MR. CERRONE:**  Yes.

**MAGISTRATE JUDGE FOSCHIO:**  I thought you said --

**MR. CERRONE:**  Eco.

**MAGISTRATE JUDGE FOSCHIO:**  Eco?

**MR. CERRONE:**  Yes.

**MAGISTRATE JUDGE FOSCHIO:**  E-co.

**MR. CERRONE:**  Yes.

**MAGISTRATE JUDGE FOSCHIO:**  I'm sorry.  That would be E-C-O perhaps.

**MR. CERRONE:**  Yes.

**MAGISTRATE JUDGE FOSCHIO:**  E-C-O, I apologize.

**MR. CERRONE:**  Yes, no problem.

**MAGISTRATE JUDGE FOSCHIO:**  Ecoterrorism, okay.  That's just a generic term to describe the nature of the alleged unlawful activity that they were investigating.  Okay.  So that's a form of criminal conduct.

**MR. CERRONE:**  Yes.

**MAGISTRATE JUDGE FOSCHIO:**  What does the Earth

Pickering v. U.S. Dept. of Justice - 14-CV-330

Liberation Front have to do with ecoterrorism in the Northwest in terms of burning down, you know, developments?

**MR. CERRONE:**  They were the perpetrators.

**MAGISTRATE JUDGE FOSCHIO:**  On the basis of the name?

**MR. CERRONE:**  They were the perpetrators.

**MAGISTRATE JUDGE FOSCHIO:**  Earth Liberation.  Oh, they were the perpetrators.

**MR. KUZMA:**  Well, it's been alleged by the government.

**MAGISTRATE JUDGE FOSCHIO:**  Oh, it's a group that were the perpetrators.  I see.  Of ecoterrorism, I see.

**MR. CERRONE:**  Yes.

**MAGISTRATE JUDGE FOSCHIO:**  Got it.

**MR. CERRONE:**  And Mr. Pickering was alleged to have been the spokesperson for ELF during that period of time and, as I recall, I think he was even on 60 minutes and interviewed.

**MAGISTRATE JUDGE FOSCHIO:**  Oh.  And he lives here in Buffalo now?

**MR. CERRONE:**  Yes.

**MR. KUZMA:**  Correct.

**MAGISTRATE JUDGE FOSCHIO:**  Interesting.  Was he always from Buffalo or was he just, he just kind of --

**MR. KUZMA:**  Yeah, he's from Western New York.

**MAGISTRATE JUDGE FOSCHIO:**  Originally --

**MR. KUZMA:**  Correct.

**MAGISTRATE JUDGE FOSCHIO:**  Oh, okay.

Pickering v. U.S. Dept. of Justice - 14-CV-330

**MR. KUZMA:**  But --

**MAGISTRATE JUDGE FOSCHIO:**  Interesting.

**MR. KUZMA:**  Our argument would be based on the date of these documents because ELF hasn't been active in quite some time.

**MAGISTRATE JUDGE FOSCHIO:**  Yeah, how could there be.

**MR. KUZMA:**  Any claim of exemption would be suspect. Also, we are arguing --

**MAGISTRATE JUDGE FOSCHIO:**  Ongoing, ongoing investigation.

**MR. KUZMA:**  Yes, it's how long is this ongoing? Decades?  But more recently, your Honor, Mr. Pickering is -- in fact, last night they had the third anniversary of Burning Books at 420 Connecticut Street.  Mr. Pickering is a proprietor of the bookstore and we know for a fact --

**MAGISTRATE JUDGE FOSCHIO:**  What's the name of the book, what's the name of the --

**MR. KUZMA:**  Burning Books.  It's at 420 Connecticut Street.  It's about six blocks west of Richmond Avenue.

**MAGISTRATE JUDGE FOSCHIO:**  Okay.

**MR. KUZMA:**  It's on the north side of the street.  But we know for a fact that the government, the FBI and other agencies have targeted Mr. Pickering because of his association were the bookstore.  We know there's been FBI involvement.  They requested the mail cover on Mr. Pickering

Pickering v. U.S. Dept. of Justice - 14-CV-330

within the past two years.  We know financial records have been subpoenaed.  So we believe that a lot of these documents, more recent documents, were generated as a result of the FBI's probe into Mr. Pickering's exercise of First Amendment rights.

**MAGISTRATE JUDGE FOSCHIO:**  Well, that's --

**MR. KUZMA:**  And then we would --

**MAGISTRATE JUDGE FOSCHIO:**  That's your -- that's a conclusion.

**MR. KUZMA:**  But the -- but that's our contention so our --

**MAGISTRATE JUDGE FOSCHIO:**  Well --

**MR. KUZMA:**  Needless to say we would --

**MAGISTRATE JUDGE FOSCHIO:**  I mean, you know.

**MR. KUZMA:**  -- question --

**MAGISTRATE JUDGE FOSCHIO:**  What did Justice Holmes say about the First Amendment, you know, it applies except when you falsely cry out "fire" in a crowded theatre, right?

**MR. KUZMA:**  But --

**MAGISTRATE JUDGE FOSCHIO:**  So --

**MR. KUZMA:**  You --

**MAGISTRATE JUDGE FOSCHIO:**  It's one thing to say, yeah, it's speech but it's not protected.  So, I mean, the question is what was he doing, you know, I think that's -- what words was he using?  I mean, in terms -- this concept -- I'm

Pickering v. U.S. Dept. of Justice - 14-CV-330

intrigued by your concept that the -- I'm not trying to make a ruling here.

MR. KUZMA:  Yes.

MAGISTRATE JUDGE FOSCHIO:  I'm trying to understand the problem --

MR. KUZMA:  Yes.

MAGISTRATE JUDGE FOSCHIO:  -- of scheduling.  And your notion that it's really, really possibly an exaggeration if not a fiction to suggest that there's any likelihood of a ongoing investigation exemption based on what we've been told about the genesis, if you will, of the investigation.  And one thing I learned from that case I alluded to is that it's -- there are some very, as you well know, tricky issues with respect to timeframe.  And I thought when I saw the case, that couldn't possibly be any of the same issues regarding communist infiltration of the Chicago Meat Packing Industry in this current era, but, lo and behold, the primary target, I think, I think may be, as of the date of the lawsuit, was still, still alive.  And the point of the issue -- the issue was that -- and, of course, Judge Cardamone thought I was just way off base.  Judge Arcara went along with me and we both were way off base, in his view, that there was a potential for revelation of sources in the former Soviet Union who could still be alive.  And not only were there potential life at risk or potential retaliation

Pickering v. U.S. Dept. of Justice - 14-CV-330

from the, from persons in the Soviet Union, but, also, the, the traditional revelation of sources of how the, how the government gets the information, which, of course, is confidential and non-disclosable, as I recall, under FOIA. So it was a very intriguing thing.  And the point I learned was that the lapse of time is not necessarily definitive. So --

MR. KUZMA:  Yes.

MAGISTRATE JUDGE FOSCHIO:  -- I'm hearing what you're saying but two points leap out to me:  The fact that this all occurred early in the '90s doesn't necessarily mean that it's still not being investigated, rightly or wrongly, without good cause or with cause.  And the FOIA doesn't allow the courts to second-guess the investigating agency in that regard, correct?

MR. KUZMA:  Well, the case law --

MAGISTRATE JUDGE FOSCHIO:  Correct?

MR. KUZMA:  -- under --

MAGISTRATE JUDGE FOSCHIO:  We can't --

MR. KUZMA:  (b)(7).

MAGISTRATE JUDGE FOSCHIO:  We can't run a hearing in camera and substitute our judgment for whether the FBI is off base in even keeping the file alive and continuing to spend agent's time in pursuing the matter, right?  Correct?

MR. KUZMA:  The case law's less than --

Pickering v. U.S. Dept. of Justice - 14-CV-330

**MAGISTRATE JUDGE FOSCHIO:**  I take that as a yes.

**MR. KUZMA:**  -- favorable.

**MAGISTRATE JUDGE FOSCHIO:**  I take that as a yes.

**MR. KUZMA:**  Under the (b)(7).

**MAGISTRATE JUDGE FOSCHIO:**  So for the sake of discussion, what I'm trying to understand is while you say that they should be able to get this turned out pretty quickly and it's really in your view an exer -- a mirage, that they could feasibly rely on this exemption at this late date, in your view, my experience is that doesn't necessarily follow, point one.

Point two, okay.  I guess this is where I'm stumbling a little bit in my thinking.  If, if the document pertains to Mr. Pickering and they're continuing to investigate Mr. Pickering, then the continuing investigation exemption continues to apply, irrespective of whether they're now investigating him for something other than ECOterrorism.

**MR. CERRONE:**  I think your Honor's response to the first point is correct, is that the date doesn't necessarily mean that it's not ongoing.  But there could be certain aspects of his past conduct that are no longer being investigated. There could be administrative documents that are in the file that can be released.  So --

**MAGISTRATE JUDGE FOSCHIO:**  But that's a judgment for the agency.

Pickering v. U.S. Dept. of Justice - 14-CV-330

**MR. CERRONE:**  That's a judgment for the agency.  And obviously --

**MAGISTRATE JUDGE FOSCHIO:**  If they --

**MR. CERRONE:**  -- then it's subject --

**MAGISTRATE JUDGE FOSCHIO:**  If they --

**MR. CERRONE:**  -- to --

**MAGISTRATE JUDGE FOSCHIO:**  If they adhere their view the fact that he is being investigated and they choose to assert that exemption.

**MR. CERRONE:**  Then it's for the court to decide.

**MAGISTRATE JUDGE FOSCHIO:**  Well, how can I, how would, how can the court second guess, I mean there's his name.  The paper says he's being investigated for whatever, growing marijuana in the State of New York, not in Colorado, or maybe even in Colorado, you get my point.

**MR. CERRONE:**  Yes.

**MAGISTRATE JUDGE FOSCHIO:**  That it's an ongoing investigation of Mr. Pickering, that would trigger the exemption.

**MR. CERRONE:**  Yes.

**MAGISTRATE JUDGE FOSCHIO:**  So you -- so the fact that they concluded the ECOterrorism say five years ago, ten years ago, there's no more investigation of Mr. Pickering then but they are continuing to investigate Mr. Pickering for whatever it is, would that -- that would fall within the exemption.

Pickering v. U.S. Dept. of Justice - 14-CV-330

**MR. CERRONE:**  Yes.

**MAGISTRATE JUDGE FOSCHIO:**  All of it?

**MR. CERRONE:**  Potentially, yes.

**MAGISTRATE JUDGE FOSCHIO:**  That's the whole point.  In other words, it's not the subject matter of the investigation, it's the individual that's being investigated that triggers the ongoing investigation exemption, right?

**MR. CERRONE:**  Yes.

**MAGISTRATE JUDGE FOSCHIO:**  Yeah.  Okay.  Okay.  I just wanted to clarify.  I'm not making --

**MR. KUZMA:**  Yes.

**MAGISTRATE JUDGE FOSCHIO:**  -- a judgment.  I just want to make sure I understand what we're about to sign up for. I'm not opposed to this bifurcation.

**MR. CERRONE:**  It sounded like Mr. Kuzma had some reservations about the, about --

**MAGISTRATE JUDGE FOSCHIO:**  I --

**MR. CERRONE:**  -- bifurcation.

**MAGISTRATE JUDGE FOSCHIO:**  Well, that's --

**MR. CERRONE:**  And I really would like to have, you know, some consensus here.

**MAGISTRATE JUDGE FOSCHIO:**  Well, I'm --

**MR. CERRONE:**  And if Mr. Kuzma --

**MAGISTRATE JUDGE FOSCHIO:**  -- about to ask him whether.

**MR. CERRONE:**  Sure.

Pickering v. U.S. Dept. of Justice - 14-CV-330

**MAGISTRATE JUDGE FOSCHIO:** He is or is not in agreement with your proposal.

**MR. CERRONE:** Okay.

**MAGISTRATE JUDGE FOSCHIO:** Because the simplest solution to that and the simplest solution is a very intriguing conversation is to simply either you come up with a joint agreed-upon schedule per this conversation, you know, per what you've outlined or you don't in which case then I ask for separate submissions and I take it under advisement with case law and memorandum of law on each side to support the conflicting, you know, the variant proposals and I make a decision and enter an order. I mean, why should I make the decision from the bench unless you tell me that you're in agreement in which case I would say fine, prepare a draft or proposed joint order so the language is to your liking, I'll review it and if I have a problem, we'll bring you back in or, if not, then I'll sign it and away we go.

**MR. KUZMA:** And I think, your Honor, what would be helpful for us would be to have a page count. Like I'm not adverse to having the government.

**MAGISTRATE JUDGE FOSCHIO:** Well, you're not entitled to that, are you --

**MR. KUZMA:** Well, based --

**MAGISTRATE JUDGE FOSCHIO:** -- under FOIA?

**MR. KUZMA:** Well, what happened was I think it would

Pickering v. U.S. Dept. of Justice - 14-CV-330

facilitate this whole processing.

MAGISTRATE JUDGE FOSCHIO:  Did it facilitate it in the other cases?

MR. KUZMA:  It did.  Because what happened was the government unsolicited, the U.S. Attorney contacted Barry Bachrach and I -- he was cocounsel on that case out of Worcester, Mass.  He's actually involved in the Ray Robinson case -- but Mr. Bachrach and I received a letter we didn't even ask for it and they said, look, we have X number of pages --

MAGISTRATE JUDGE FOSCHIO:  How --

MR. KUZMA:  -- nationwide.

MAGISTRATE JUDGE FOSCHIO:  How would that benefit --

MR. KUZMA:  But then, but this way I get -- just say there's 20,000 pages.

MAGISTRATE JUDGE FOSCHIO:  Yeah.

MR. KUZMA:  And the government says look, we need three years to go line by line, I could run that by my client, talk to Mr. Finnerty on this case and just get some feedback but I'm not adverse to a stipulation with a timeline saying okay, there's, whatever, 20,000 pages we anticipate we'll have processing complete by January 1st, 2017.  I, based on my experience, that would -- is fairly common.  I just want a little clarification on how many pages.  Because tens of thousands, are we talking 20,000?

Pickering v. U.S. Dept. of Justice - 14-CV-330

**MAGISTRATE JUDGE FOSCHIO:** Well, what --

**MR. KUZMA:** A hundred.

**MAGISTRATE JUDGE FOSCHIO:** -- difference does it make whether --

**MR. CERRONE:** Your Honor --

**MAGISTRATE JUDGE FOSCHIO:** -- it's 10, 20 or 30 or 100.

**MR. CERRONE:** I'd be happy to volunteer what I know. What I've been informed by the FBI is that they are still awaiting a few files to come back to the central office. But to date, they have in excess of 30,000 pages. And the FBI is not averse to doing the normal process which is reviewing all exemptions and doing a normal Vaughn Index. We'll just need until September 30 of 2017.

**MAGISTRATE JUDGE FOSCHIO:** Yeah.

**MR. CERRONE:** Three years from now.

**MAGISTRATE JUDGE FOSCHIO:** It --

**MR. CERRONE:** And I have no problem doing that.

**MAGISTRATE JUDGE FOSCHIO:** It, but -- it's not a fair question. But if you can comment, of course, you're new to, new to the trade here, right, Mr. Cerrone. But for this, the advent of this Snowden issue that you alluded to, what would be the turnaround time here?

**MR. CERRONE:** I don't know.

**MAGISTRATE JUDGE FOSCHIO:** Don't know. Do you have any sense of that?

Pickering v. U.S. Dept. of Justice - 14-CV-330

**MR. KUZMA:**  Well --

**MAGISTRATE JUDGE FOSCHIO:**  You agree that there is such an issue in terms of the FOIA response capacity of the agencies here?

**MR. KUZMA:**  I do know I've made requests on behalf of other individuals and I've gotten responses where the government said we've been swamped like the NSA, for example, said because of the Snowden revelations we've just been inundated with requests so I don't doubt that's happening with the FBI.  What I think --

**MAGISTRATE JUDGE FOSCHIO:**  Okay.

**MR. KUZMA:**  -- will happen --

**MAGISTRATE JUDGE FOSCHIO:**  Well, we've got to move on. We have another matter.

**MR. KUZMA:**  Oh, I understand.

**MAGISTRATE JUDGE FOSCHIO:**  Yeah.

**MR. KUZMA:**  But just to wrap things up, I'd be willing, once the government has a page count, enter into a stipulation where we would agree, if the government's willing, we pick a date and we'll, if they'd be willing --

**MAGISTRATE JUDGE FOSCHIO:**  Well, you have a page count.

**MR. KUZMA:**  -- if they --

**MAGISTRATE JUDGE FOSCHIO:**  He just told you it's 30, it's past 30.

**MR. KUZMA:**  Yes.  But then we just come up with a

Pickering v. U.S. Dept. of Justice - 14-CV-330

stipulation. But if the government would be willing to do something like they did in the *Peltier* case where they would make releases every three to four months with, perhaps, a report to the Court, that we did this.

**MR. CERRONE:** The government has no opposition to that, your Honor.

**MR. KUZMA:** I would have no problems --

**MAGISTRATE JUDGE FOSCHIO:** That you did what?

**MR. KUZMA:** -- with --

**MAGISTRATE JUDGE FOSCHIO:** That you did what?

**MR. KUZMA:** That they processed this past quarter, say the government started now and said --

**MAGISTRATE JUDGE FOSCHIO:** No, no, I'm not -- I'm not inclined --

**MR. KUZMA:** You're not, okay.

**MAGISTRATE JUDGE FOSCHIO:** -- to do that.

**MR. KUZMA:** Okay. We will scratch that idea.

**MAGISTRATE JUDGE FOSCHIO:** Is that done in this district? By other judges?

**MR. CERRONE:** Essentially what Mr. Kuzma's proposing -- and it is done in other FOIA cases -- is essentially a rolling production. So let's, you know, there's 30,000 documents and every few months you're doing a couple of thousand documents, every 90 days or 120 days --

**MAGISTRATE JUDGE FOSCHIO:** No --

Pickering v. U.S. Dept. of Justice - 14-CV-330

**MR. CERRONE:** -- you produce a portion of those records that are nonexempt but, you object, I guess really.

**MAGISTRATE JUDGE FOSCHIO:** How does that help anything?

**MR. CERRONE:** It gets --

**MAGISTRATE JUDGE FOSCHIO:** It gets it in their hands faster.

**MR. CERRONE:** That's really it.

**MAGISTRATE JUDGE FOSCHIO:** Well, I --

**MR. CERRONE:** Yeah.

**MAGISTRATE JUDGE FOSCHIO:** I mean, what, what reason would the government have not to do that irrespective of putting it into a stipulation, I mean you -- right? No? I mean -- is it better for the government to do it all at once, in one fell swoop or --

**MR. CERRONE:** I think it's --

**MAGISTRATE JUDGE FOSCHIO:** -- is it better to do it piecemeal?

**MR. CERRONE:** I think administratively it's probably easier to do one fell swoop. But in other similar large cases, the government has agreed to do rolling production.

**MAGISTRATE JUDGE FOSCHIO:** Is this a large case? I don't know.

**MR. CERRONE:** 30,000 plus documents, it is, certainly for this district, yes.

**MAGISTRATE JUDGE FOSCHIO:** Oh.

Pickering v. U.S. Dept. of Justice - 14-CV-330

**MR. CERRONE:** So I really -- I think all we need to know from Mr. --

**MAGISTRATE JUDGE FOSCHIO:** Well, is it -- I know.  I mean in the scheme of things, is it a large case for the bureau?

**MR. CERRONE:** It's probably a moderate to large case for the bureau.

**MAGISTRATE JUDGE FOSCHIO:** Okay.

**MR. CERRONE:** Nationwide.

**MAGISTRATE JUDGE FOSCHIO:** I don't want to say I'm putty in your hands, gentlemen, but I'm listening to all this and it's sort of -- it doesn't make -- I'm not partial to either side.  If you can't agree on something, then submit proposals to me, if it includes partial rolling production, then it includes it.  If it doesn't and it should, you can make an argument beyond what you've said already here based on, I don't know if there are any case law that says it should be done that way?  Does FOIA suggest that that's the way it should be done in a moderate to large case?

**MR. KUZMA:** Well, the law itself doesn't speak to these rolling --

**MAGISTRATE JUDGE FOSCHIO:** They --

**MR. KUZMA:** -- productions.

**MAGISTRATE JUDGE FOSCHIO:** Exactly my point.  Do you know of personal knowledge that you can cite to other cases

Pickering v. U.S. Dept. of Justice - 14-CV-330

in this district with other magistrate judges that this rolling concept has been approved.

**MR. CERRONE:**  I can certainly not cite to a case in this district.  What I can tell you is that it has been done.  In the D.C. circuit which --

**MAGISTRATE JUDGE FOSCHIO:**  If you want to do it, it's fine with me.

**MR. CERRONE:**  I mean --

**MAGISTRATE JUDGE FOSCHIO:**  I'm just reluctant to compel anything that, you know, that isn't required.

**MR. CERRONE:**  No, I understand.

**MAGISTRATE JUDGE FOSCHIO:**  So I would say unless there's something further, I'm not prepared to -- because there's no agreement here.

**MR. KUZMA:**  Well, I think --

**MAGISTRATE JUDGE FOSCHIO:**  You're talking to me.

**MR. KUZMA:**  I think we're --

**MAGISTRATE JUDGE FOSCHIO:**  Talking to me, it's interesting.

**MR. KUZMA:**  -- close.

**MAGISTRATE JUDGE FOSCHIO:**  You've educated me.  Thank you very much.  You propose a joint -- I hate to use the word "stipulated", but a joint proposed scheduling order covering these issues within whatever period of time you want.

**MR. CERRONE:**  Okay.

Pickering v. U.S. Dept. of Justice - 14-CV-330

**MAGISTRATE JUDGE FOSCHIO:** Or separate opposing proposals with or without legal authority and I will do what the submissions indicate.

**MR. CERRONE:** I --

**MAGISTRATE JUDGE FOSCHIO:** If it's a joint proposal, I'll probably approve it. If it's contested, I will make a prudent decision about it.

**MR. CERRONE:** Your Honor, I'm confident that Mr. Kuzma and I can work something out.

**MR. KUZMA:** So am I --

**MAGISTRATE JUDGE FOSCHIO:** Well -- sounds good. But we've heard that before. Not necessarily from you, of course. So my expectations are very modest, gentlemen.

**MR. CERRONE:** Have high expectations, your Honor.

**MR. KUZMA:** Well --

**MAGISTRATE JUDGE FOSCHIO:** Mine remain modest. So do it within 30 days.

**MR. CERRONE:** That would be fine.

**MAGISTRATE JUDGE FOSCHIO:** And we'll look forward to receiving something in writing and then we'll go from there. An order will issue.

**MR. KUZMA:** Yes.

**MAGISTRATE JUDGE FOSCHIO:** And if you don't like it, you can appeal, either side. Is there anything else that I need to do?

Pickering v. U.S. Dept. of Justice - 14-CV-330

**MR. KUZMA:**  I think that's --

**MR. CERRONE:**  No, your Honor.

**MAGISTRATE JUDGE FOSCHIO:**  Excellent.  Very helpful.  Thank you very much.  We are adjourned.  Enjoy the day.

(WHEREUPON, proceedings adjourned.)

\*          \*          \*

**CERTIFICATE OF TRANSCRIBER**

In accordance with 28, U.S.C., 753(b), I certify that this is a true and correct record of proceedings from the official audio recording of the proceedings held in the United States District Court for the Western District of New York before Magistrate Judge Leslie G. Foschio on September 11, 2014.

S/ Diane S. Martens

Diane S. Martens
Transcriber