UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LESLIE JAMES PICKERING,

Plaintiff,

**DECISION AND ORDER**
v.                                                    14-CV-330-A

U.S. DEPARTMENT OF JUSTICE,

Defendant.

## I.    Background

Plaintiff Leslie James Pickering commenced this action pursuant to the

Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*., on May 1, 2014,

seeking, *inter alia*, the disclosure and release of agency records pertaining to

Plaintiff and withheld by Defendant United States Department of Justice ("DOJ" or

"Defendant"), and its components, the Federal Bureau of Investigation ("FBI") and

the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").  This Court

referred the case to the Honorable Leslie G. Foschio, United States Magistrate

Judge, pursuant to 28 U.S.C. § 636(b)(1), for the performance of pretrial

proceedings.

On April 27, 2018, Defendant filed motions for summary judgment. (ECF 23

and 27).  Thereafter, on May 31, 2018, Plaintiff also filed a motion for summary

judgment. (ECF 33). On March 17, 2023, Defendant filed supplemental motions for

summary judgment (ECF 62 and 63), and on May 8, 2023, Plaintiff also filed a supplemental summary judgment motion. (ECF 67).

On September 29, 2023, Magistrate Judge Foschio issued a Report and Recommendation ("R&R") (ECF 71) recommending: that Defendant ATF's Motion (ECF 23) should be granted in part and denied in part; that Defendant FBI's Motion (ECF 27) should be dismissed as moot; that Plaintiff's Motion (ECF 33) should be granted in part, and denied in part; that FBI's Supplemental Motion (ECF 62) should be granted in part, denied in part, and dismissed as moot, in part; that ATF's Supplemental Motion (ECF 63) should be dismissed as moot; and that Plaintiff's Supplemental Motion (ECF 67) should be granted in part, denied in part, and dismissed as moot in part.

On November 9, 2023, Defendant (ECF 74) and Plaintiff (ECF 75) each filed objections to the R&R.  On December 12, 2023, Defendant filed a memorandum of law (ECF 77) in opposition to Plaintiff's objections to the R&R.  On December 13, 2023, Plaintiff filed a response (ECF 78) to Defendants' objections. On January 2, 2024, Defendants filed a reply (ECF 79), as did Plaintiff (ECF 81) on January 3, 2024.

This Court assumes the parties' familiarity with the underlying facts and procedural history.

**A. The Report and Recommendation:**

Magistrate Judge Foschio issued a detailed, thorough, and comprehensive 86-page R&R. *See*, ECF 71.  In it, Judge Foschio principally made the following sixteen (16) recommendations:

Recommendation 1: Summary judgment should be granted to Defendants FBI and ATF on Plaintiff's Privacy Act claim. *See*, ECF 71, p. 23.

Recommendation 2: Summary judgment should be granted to Defendants FBI and ATF on the adequacy of their respective searches. *See*, ECF 71, pp. 24-34.

Recommendation 3: Summary judgment should be granted to Defendants FBI and ATF on the issue of segregability, except with regard to certain audiotapes possessed by Defendant ATF. *See*, ECF 71, pp. 34-45, 36.

Recommendation 4: Summary judgment should be granted to Defendant FBI with respect to FOIA Exemption 1 (*records containing classified information*). *See*, ECF 71, pp. 47-48.

Recommendation 5: Summary judgment should be granted to Defendant FBI with respect to FOIA Exemption 3 (*records containing material exempt from disclosure by statute*). *See*, ECF 71, pp. 49-52.

Recommendation 6: With respect to FOIA Exemption 4 (*records containing commercial or financial information obtained from a person and privileged or confidential*), Defendant FBI's motion is moot. *See*, ECF 71, pp. 52-53.

Recommendation 7: Summary judgment should be denied to Defendant FBI as to 28 pages for which FOIA Exemption 5 *(records containing involving attorney-client privilege materials)* was claimed but granted as to the remaining records for which such exemption was claimed. *See*, ECF 71, pp. 53-58.

Recommendation 8: Summary judgment should be denied to Defendant FBI as to 48 pages for which FOIA Exemption 5 (*records containing deliberative process privilege material*) was claimed. *See*, ECF 71, pp. 58-61.

Recommendation 9: Summary judgment should be granted to defendant FBI as to the FOIA Exemption 7 threshold (*records containing information compiled for law enforcement purposes*).  *See*, ECF 71, pp. 61-62.

Recommendation 10: Summary judgment should be denied to Defendant FBI as to FOIA Exemption 7(A) – (*law enforcement records which could interfere with enforcement proceedings*). *See*, ECF 71, pp. 62-66.

Recommendation 11: Summary judgment should be granted to the FBI and the ATF as to FOIA Exemption 6 (*records containing personnel and medical files resulting in an invasion of privacy*) and 7(C) (*law enforcement records which would disclose identity of confidential source*).  *See*, ECF 71, pp. 66-71.

Recommendation 12: Summary judgment should be granted to the FBI as to FOIA Exemption 7(D) (*law enforcement records which would disclose identity of confidential source*).  *See*, ECF 71, pp. 71-74.

Recommendation 13: Summary judgment should be granted to the FBI and the ATF as to FOIA Exemption 7(E) (*law enforcement records which disclose techniques and procedures used in law enforcement investigations or prosecutions*). *See*, ECF 71, pp. 74-80.

Recommendation 14: Summary judgment should be denied to the ATF as to FOIA Exemption 7(F) (*law enforcement records which disclose information that could endanger life or physical safety of an individual*).  *See*, ECF 71, pp. 80-82.

Recommendation 15: Summary judgment should be granted to the FBI as to its *Glomar* response. *See*, ECF 71, pp. 82-84.

Recommendation 16: The issue of attorney's fees should be deferred. *See*, ECF 71, pp. 84-85.

**B. Defendant's Objections:**

Defendant raises five (5) objections to the R&R.

First, Defendant objects to so much of Recommendation 3, *above*, as requires the ATF fully to explain why certain voices on contained on certain audiotapes cannot be segregated either: (a) by transferring the audiotapes to another medium that would permit such segregation; or (b) by providing a transcript of the tapes on which the exempt portions are redacted. *See*, ECF 74, pp. 14-16.

Second, Defendant objects to so much of Recommendation 7, *above*, as determined that the FOIA Exemption 5 and the attorney-client privilege did not exempt from disclosure 28 pages for which the FBI sought to invoke such privilege. *See*, ECF 74, pp. 16-19.

Third, Defendant objects to so much of Recommendation 8, *above*, as determined that FOIA Exemption 5 and the deliberative process privilege did not exempt from disclosure 48 pages for which the FBI sought to invoke such privilege. *See*, ECF 74, pp. 19-21.

Four, Defendant objects to so much of Recommendation 10, *above*, as determined that FOIA Exemption 7(A), which exempts from disclosure certain law enforcement records which could interfere with enforcement proceedings, did not

exempt from disclosure certain pages[1] for which the FBI sought to invoke such privilege because the FBI failed to establish that any prospective law enforcement proceeding was pending or reasonably anticipated.  *See*, ECF 74, pp. 21-23).

Finally, Defendant objects to so much of Recommendation 14, above, as determined that FOIA Exemption 7(F), which exempts from disclosure the identity of any individual from whom the disclosure of information could reasonably endanger such individual's life or physical safety, did not exempt from disclosure certain pages contained law enforcement records which disclose the identity of individuals who the ATF claims could be endangered.  *See*, ECF 74, pp. 23-24.

**C. Plaintiff's Objections:**

Plaintiff raises four (4) objections to the R&R.

First, Plaintiff objects to so much of Recommendation 12, *above*, as determined that FOIA Exemption 7(D), which exempts from disclosure the identities of and information provided by certain individuals were exempt from disclosure on the grounds that disclosure of such information would disclose the identity of the FBI's confidential source(s), provided an appropriate basis for the FBI to redact the names and information regarding two individuals whom Plaintiff maintains were confidential sources. *See*, ECF 75, pp. 2-3.

Second, Plaintiff objects to so much of Recommendation 13, *above*, as determined that FOIA Exemption 7(E), which exempts from disclosure records and

---

[1] As noted in the R&R, neither party has specified which pages—of the more than 14,000 Bates-stamped pages contained in the FBI's *Vaughan* Index—were withheld by the FBI pursuant to Exemption 7A. *See*, ECF 71, p. 62, n.26.

information complied for law enforcement purposes that would disclose techniques and procedures for law enforcement investigations or would disclose guidelines for investigation if such disclosure risks circumvention of the law, provided an appropriate basis for the FBI to withhold from disclosure information regarding monetary amounts requested by FBI personnel and/or paid by the FBI to implement particular investigative techniques. *See*, ECF 75, pp. 3-4.

Third, Plaintiff objects to so much of Recommendation 15, *above*, as determined that the Defendant did not waive its ability to assert a so-called *Glomar* response—whereby a party neither acknowledges the existence or non-existence of certain categories of responsive records so as to avoid admitting certain responsive records exist—on the grounds that: (a) a *Glomar* response was not included in Defendant's answer or initial summary judgment motion papers and because Defendant's attorney stated, in court, that there were tens of thousands of documents pertaining to Plaintiff. *See*, ECF 75, pp. 4-5.

Fourth, Plaintiff to so much of Recommendation 16, *above*, as determined that any determination regarding the award of attorney's fees should be deferred at this time. *See*, ECF 75, pp. 5-6.

Notably, neither party has filed any objections to Recommendations 1, 2, 4, 5, 6, 9, or 11 of Magistrate Judge Foschio's R&R.

## II.   Legal Standard

### A.   Review of a Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a timely objection

has been made to a magistrate judge's recommendation, the district court judge

"shall make a *de novo* determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." *Id.* However,

"[o]bjections that are 'merely perfunctory responses argued in an attempt to engage

the district court in a rehashing of the same arguments set forth in the original

[papers] will not suffice to invoke *de novo* review.'" *Phillips v. Reed Grp., Ltd.*, 955 F.

Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting *Vega v. Artuz*, 2002 WL 31174466, at

*1 (S.D.N.Y. Sept. 30, 2002)) (alteration in *Phillips*). "To the extent ... that the party

... simply reiterates the original arguments, [courts] will review the Report strictly for

clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, 07 Civ. 6865

(LTS), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citing *Pearson-Fraser v.*

*Bell Atl.*, No. 01 Civ. 2343(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003);

*Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F.Supp. 380,

382 (W.D.N.Y. 1992)); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y.

2008) ("Reviewing courts should review a report and recommendation for clear error

where objections are 'merely perfunctory responses,' ... 'rehashing ... the same

arguments set forth in the original petition.' ") (citing *Vega*, 2002 WL 31174466, at

*1; *Greene v. WCI Holdings*, 956 F.Supp. 509, 513 (S.D.N.Y. 1997)).

Federal Rule of Civil Procedure 72(b)(3) provides, "[t]he district judge must

determine *de novo* any part of the magistrate judge's disposition that has been

properly objected to" (emphasis added). Here, no objections to the R&R have been

filed. "When no timely objection is filed, the [C]ourt need only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation."
1983 Advisory Committee Note to Fed. R. Civ. P. 72(b); *see Patton v. Ford Motor Co.*, 14-CV-0308-RJA-HBS, 2017 WL 2177621 *2 (W.D.N.Y. May 18, 2017).

### B.   Summary Judgment in FOIA Cases

Summary judgment represents a common mechanism for resolving a FOIA action. See, *Project S. v. United States Immigr. & Customs Enf't*, No. 21-CV-08440(ALC)(BCM), 2024 WL 1116164, at *3–4 (S.D.N.Y. Mar. 12, 2024).  A party seeking summary judgment will receive it "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Where, as here, parties file cross-motions for summary judgment, "each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001).

When responding to a FOIA request, a federal agency must: (1) conduct an adequate search using reasonable efforts, (2) provide the information requested, unless it falls within a FOIA Exemption, and (3) provide any information that can be reasonably segregated from the exempt information. *DiGirolamo v. U.S. Drug Enf't Admin.*, No. 1:15-CV-5737, 2017 WL 4382097, at *3 (S.D.N.Y. Sept. 29, 2017) (citations omitted); *see also Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (citing 5 U.S.C. § 552(a)(4)(B) and *EPA v. Mink*, 410 U.S. 73, 93 (1973)). Affidavits or declarations providing "reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's

burden" and are "accorded a presumption of good faith." *Id.* (citing *Safecard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)).  Agency affidavits, however, must describe with reasonable specificity the nature of the documents at issue and the justification for nondisclosure—conclusory assertions are insufficient. *Bloomberg L.P. v. Bd. of Governors of Fed. Reserve Sys.*, 649 F. Supp. 2d 262, 271 (S.D.N.Y. 2009) (citing *Halpern v. F.B.I.*, 181 F.3d 279, 291 (2d Cir. 1999)).  In sum, courts may award summary judgment based on agency affidavits that: "(1) describe the justifications for nondisclosure with reasonably specific detail, (2) demonstrate that the information withheld logically falls within the claimed exemption, and (3) are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Wilner v. Nat'l Sec. Agency*, 592 F.3d 60, 73 (2d Cir. 2009).

"[A]ccordingly, discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face. When this is the case, the district court may 'forgo discovery and award summary judgment on the basis of affidavits.'" *Carney v. U.S. Dep't of Just.*, 19 F.3d 807, 812–13 (2d Cir. 1994) (citing *Goland v. CIA*, 607 F.2d 339, 352 (D.C.Cir.1978), *cert. denied*, 445 U.S. 927).

Assuming the agency satisfies its burden, in order to justify discovery, Plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, *Goland*, 607 F.2d at 355, or provide tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate.  *See, e.g., Washington Post Co. v. United States Dep't of State*, 840 F.2d 26, 28 (D.C.Cir.1988) (non-moving party produced

hard evidence in the form of books and press accounts suggesting privacy exemption did not apply), *vacated on other grounds*, 898 F.2d 793 (1990); *Porter v. United States Dep't of Justice*, 717 F.2d 787, 791–93 (3d Cir.1983) (agency's affidavits included conflicting information); *Schaffer v. Kissinger*, 505 F.2d 389, 390–91 (D.C.Cir.1974) (*per curiam*) (inadequate reasons stated for application of exemption).  Summary judgment in favor of a FOIA plaintiff, on the other hand, is "appropriate when an agency seeks to protect material which, even on the agency's version of the facts, falls outside the proffered exemption." *New York Times Co. v. U.S. Dep't of Def.*, 499 F. Supp. 2d 501, 509 (S.D.N.Y. 2007) (quotations and alterations omitted).

## III.    Analysis

At the outset, the Court notes that it finds no clear error with respect to those portions of Magistrate Judge Foschio's R&R, to which the parties have not objected, and accordingly, this Court **ADOPTS** those Recommendations characterized above as **Recommendations 1, 2, 4, 5, 6, 9, and 11 in their entirety**.  *See, Patton v. Ford Motor Co.*, 2017 WL 2177621 at *2.  The parties' objections are addressed herein.

### A.    Defendant's Objections

#### <u>Recommendation 3 - Segregability</u>:

The ATF exempted from disclosure certain audiotapes on which the ATF was unable to segregate the voices of the persons speaking on such tapes.  In an affidavit, an ATF representative indicated that the agency did not have the ability to segregate out the voices of those persons whose identity is exempt from disclosure under FOIA and that, thus, Plaintiff would be able to identify such voices.

11

In *Washington Post Company v. Special Inspector General for Afghanistan Reconstruction*, 483 F.Supp.3d 141, 163 (D.D.C. 2020), the court determined that the responding party's conclusory assertion that providing audio recordings would permit the Plaintiff to identify interviewees by their voices was insufficient to establish that such party had performed its duty to segregate and produce releasable information from the audio recordings.  Relying on *Washington Post*, Magistrate Judge Foschio similarly noted how Defendant failed to explain:

> why the audiotapes, which Defendant equivocally states 'may' be degraded and fragile and for which the equipment needed to begin to segregate voices "may" no longer exist, cannot be copied or transferred to another medium that would allow for the segregation of any voices belonging to persons whose identity is exempt from disclosure under FOIA, nor why the audiotapes cannot be transcribed.

ECF 71, p. 36.

Consequently, in denying Defendant's request for Summary Judgment, Judge Foschio directed that defendant be required, either fully to "explain why the asserted exempt voices cannot be segregated either by transferring the audiotapes to another medium that would permit such segregation, or provide a transcript of the audiotapes on which the exempt portions are redacted." *Id*.

In his objections, Defendant claims that the R&R erred in requiring Defendant to create items that do not exist.  ECF 74, pp. 15-16.  However, this Court disagrees and finds that Defendant's has not established that portion of such tapes which are responsive to the request are not "reasonably segregable" from those which are exempt.  Further, in its memorandum submitted in support of its objections, Defendant's attorney indicates that 16 of the 18 tapes at issue are missing and that

the 2 tapes that did exist, "were inadvertently destroyed" in furtherance of Defendant's attempt to comply with the R&R.  *See*, ECF 74, p. 16, n.1.

While this Court has no reason to doubt the veracity of Defendant's attorney's statements, the Court finds that the under all the circumstances, Plaintiff is entitled— at a minimum, and as Defendant now apparently concedes, see, ECF 79, p.2, n.1— to a sworn declaration describing in detail what happened to the tapes at issue.

Accordingly, Defendant's Objections to Recommendation 3 of the R&R are **DENIED IN PART**, and Recommendation 3 of the R&R is hereby adopted by this Court to the extent that Defendant is afforded the opportunity to provide, within 60 days from the date of this Decision and Order, a further explanation, under oath or affirmation from the ATF, regarding: (1) whether (and to what extent) the audiotapes which are the subject of this request exist; and (a) if they exist, why those portions of such tapes which do exist and which are responsive to Plaintiff's request, are not "reasonably segregable" from those which are exempt; and (b) if they do not exist, the circumstances under which such audiotapes were lost or destroyed.  Should Defendant fail timely to file such supplemental submission, Defendant's Objection will be **DENIED** and the Plaintiff motion for summary judgment on this ground will be **GRANTED**.

## Recommendation 7 – Exemption 5 (Attorney/Client):

Defendant next objects to so much of Recommendation 7, as determined that FOIA Exemption 5 as it relates to the attorney-client privilege did not exempt from

disclosure 28 pages for which the FBI sought to invoke such privilege. *See*, ECF 74, pp. 16-19.[2]

While a more detailed affidavit establishing the applicability of the exemption was provided for various pages for which the attorney-client exemption was claimed by the Defendant (and found by Judge Foschio), Defendant did not provide such a detailed explanation establishing the applicability of the exemption for the 23 pages for which Judge Foschio had found the exemption inapplicable. *See*, ECF 74, p. 18; ECF 70-1, ¶17; ECF 67-4, p. 6. Defendant attributes its failure to include a more fulsome explanation establishing the applicability of the exemption to such pages to their contention that Plaintiff's original motion failed to challenge them. ECF 74, p. 18. While Defendant further asserts that the original declaration filed by the FBI was sufficient to establish the applicability of the attorney-client exemption, this Court believes that the FBI should, as they have requested, *see*, ECF 74, p.19, be given the opportunity to submit a supplemental declaration or affidavit establishing the applicability of the attorney-client exemption to the pages in issue.

Accordingly, Defendant's Objections to Recommendation 7 of the R&R are **GRANTED IN PART**, to the extent that Defendant is afforded the opportunity to file, within 60 days from the date of this Decision and Order, a supplemental declaration or affidavit establishing the applicability of the attorney-client exemption to the pages

---

[2] While the R&R indicates that there are 28 pages in question for which the FBI has not yet established the applicability of the attorney-client exemption, the parties agree that, in fact, there are only 23 pages for which the R&R determined that such exemption had not been established, as such privilege was appropriately claimed in 5 additional pages which the R&R neglected to include. *See*, ECF 74, P. 18, n. 2 & 3 (Defendant's Memorandum); ECF 78, p. 3 (Plaintiff's Response).

in issue.  Should Defendant fail timely to file such supplemental submission,

Defendant's Objection will be **DENIED** and the Plaintiff's motion for summary

judgment on this ground will be **GRANTED**.

### Recommendation 8 – Exemption 5 (Deliberative Process):

Defendant next objects to so much of Recommendation 8, as determined that

Defendant failed to establish the applicability of the deliberative process privilege

under Exemption 5.  *See*, ECF 71, pp. 59-61.

In opposition to the FBI's assertion of FOIA Exemption 5 as it relates to the

deliberative process privilege, Plaintiff's sole challenge was to the applicability of the

privilege to any FBI handwritten notes, based upon the Defendant's assertion that

that handwritten notes are, in its view, "inherently deliberative."  ECF 67-4, p. 7; ECF

71, p. 59 ("Plaintiff challenges only the withholding of the handwritten notes."); p. 60

("According to Defendant, '[h]andwritten notes are inherently deliberative…'.).  Thus,

Plaintiff's opposition to the application of Exemption 5 as it relates to the deliberative

process privilege pertains exclusively to any handwritten notes which may have

been withheld based on such Exemption.[3]

---

[3] Such fact is confirmed by Plaintiff in the response to Defendant's Objections filed with
this Court. *See*, ECF 78.  In that filing, Plaintiff specifically states that the FBI
declaration which "considers handwritten interview notes to be 'inherently deliberative'
and exempt from disclosure under 5 USC §552(b)(5)" fails to "indicate how many pages
were withheld on this basis" and that [i]t is the content, not the form, which dictates
whether this information may be withheld under the (b)(5) exemption. If the FBI has
indeed withheld handwritten interview notes pursuant to Exemption (b)(5), it has not met
its burden of proof. Plaintiff remains steadfast in his conviction that the handwritten
interview notes may not be withheld under this exemption." ECF 78, pp. 3-4.

In his R&R, Judge Foschio determined that a "plain review of the descriptions of the documents listed on the FBI's Vaughn Index as protected by the deliberative process privilege, however, shows all such pages are described either as e-mails or other electronic communications." ECF 71, p. 60.  Indeed, in the memorandum submitted in support of Defendant's objections, Defendant's attorney confirms that no notes were among the 49 pages for which the deliberative process was privilege was claimed under Exemption 5. *See*, ECF 74, p. 20, n. 4.

Because none of the pages that were withheld based on Exemption 5 and the deliberative process privilege were handwritten notes, and because Plaintiff's sole challenge under such exemption was the withholding of handwritten notes, Magistrate Judge Foschio erred in granting summary judgment to Plaintiff on this ground.  Accordingly, Defendant's Objection to Recommendation 8 is **GRANTED**. Defendant's motion for summary judgment regarding those pages withheld pursuant to Exemption 5 and the deliberative process privilege is **GRANTED**, while Plaintiff's motion for summary judgment is **DENIED**.

### Recommendation 10 - Exemption 7(A):

Defendant next objects to Recommendation 10, which determined that Defendant failed to establish the applicability of FOIA Exemption 7(A), which exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... (A) could reasonably be expected to interfere with enforcement proceedings …." 5 U.S.C. § 552(b)(7)(A).  *See*, ECF 71, pp. 62-66.  Notably, as Magistrate Judge Foschio observed, neither party has specified which of the more

than 14,000 pages of the FBI's *Vaughan* Index were withheld pursuant to Exemption 7(A). *See*, ECF 71, p. 62, n. 26.

In enacting this Exemption 7(A), "Congress recognized that law enforcement agencies had legitimate needs to keep certain records confidential, lest the agencies be hindered in their investigations." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 232 (1978). "Exemption 7(A) explicitly requires a predictive judgment of the harm that will result from disclosure of information, permitting withholding when it 'could reasonably be expected' that the harm will result." *Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 926 (D.C. Cir. 2003) (quoting 5 U.S.C. § 552(b)(7)(A)).  While "Exemption 7(A) 'does not require a presently pending 'enforcement proceeding,'" *id.*, the agency invoking this exemption must nonetheless "show that the material withheld 'relates to a concrete prospective law enforcement proceeding," *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 746 F.3d 1082, 1096 (D.C. Cir. 2014) (quoting *Juarez v. Dep't of Justice*, 518 F.3d 54, 58 (D.C. Cir. 2008)).

The R & R recommends that the FBI's assertion of FOIA Exemption 7(A) be rejected because "the FBI did not identify any particular investigation" that was active and because its descriptions in the Vaughn index were "woefully inadequate." *See*, ECF 71, p. 65. In response, the FBI cites a reply declaration filed with the FBI as providing greater detail the basis of FOIA Exemption 7(A) asserted in this case. That declaration states as follows:

> The FBI protected investigations in the records at issue which are unknown, meaning not publicly acknowledged by the FBI, and which could be hindered by the target of the investigation being known.

These investigations are still ongoing and have continued investigative value to the FBI and the release of this information will reveal non-public information concerning pending enforcement procedures, to include the existence of non-public investigations or proceedings.

ECF 70-1, ¶ 23.

While this Court recognizes that agency affidavits are presumed to have been made in good faith, *Carney v. U.S. Dep't of Justice*, 19 F.3d at 812, the problem here is that Defendant's failure to identify which pages—of the 14,000 pages in the FBI's *Vaughan* Index were withheld based upon Exemption 7(A)—combined with the exceedingly vague and amorphous characterization of any prospective law enforcement proceeding provided in the FBI declaration, makes it impossible for this Court, on the record before it, to assess whether application of such presumption is, in fact, warranted here. Cf. *Kuzma v. United States Dep't of Just.*, 692 F. App'x 30, 35 (2d Cir. 2017) (holding that FBI appropriately established applicability of Exemption 7(A) where the FBI withheld information from three pages of responsive records, explaining the withheld information would disclose information about a pending investigation of an individual other than the subject of the FOIA request).

Given the parties' interests, Defendant's Objections to Recommendation 10 of the R&R are **GRANTED IN PART**, to the extent that Defendant is afforded the opportunity to file, within 60 days from the date of this Decision and Order, a supplemental declaration or affidavit identifying those pages which it claims are appropriately being withheld pursuant to Exemption 7(A) and providing further details regarding the applicability of such exemption to those pages.  Should Defendant fail timely to file such supplemental submission, Defendant's Objection

18

will be **DENIED** and the Plaintiff's motion for summary judgment on this ground will

be **GRANTED**.

### Recommendation 14 – Exemption 7(F):

Finally, Defendant objects to Recommendation 14, which determined that

Defendant failed to establish the applicability of Exemption (b)(7)(F) which provides

protection to "any individual" where disclosure of information about him "could

reasonably be expected to endanger [his] life or physical safety." 5 U.S.C. §

(b)(7)(F). FOIA Exemption 7(F) does not require an agency to "name the individual

or individuals whose safety is endangered, but must provide a description with

reasonable specificity." *Gonzalez v. United States Citizenship & Immigr. Servs.*, 475

F. Supp. 3d 334, 352–53 (S.D.N.Y. 2020) (citations and internal quotation marks

omitted).  While the ATF averred that it withheld an individual's name because there

was "a very real potential of jeopardizing this individual's life and safety," *see*, ECF

74, p. 24, even Defendant acknowledges "that additional detail could have assisted

the Court in better evaluating the risk to the unnamed individual." *Id*.  Since

reasonable specificity of any risk is lacking here, Defendant's Objections to

Recommendation 14 of the R&R are **GRANTED IN PART**, to the extent that

Defendant is afforded the opportunity to file, within 60 days from the date of this

Decision and Order, a supplemental declaration or affidavit providing further details

regarding the applicability of Exemption 7(F).  Should Defendant fail timely to file

such supplemental submission, Defendant's Objection will be **DENIED** and the

Plaintiff's motion for summary judgment on this ground will be **GRANTED**.

### B.      Plaintiff's Objections

### Recommendation 12 – Exemption 7(D):

FOIA Exemption 7(D) exempts from disclosure:

> [R]ecords or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source....

5 U.S.C. § 552(b)(7)(D).  Plaintiff objects to the R&R's conclusion that Defendant appropriately relied upon Exemption 7(D) to redact certain information regarding two individuals.  ECF 71, pp. 71-74.  According to Plaintiff, such individuals are FBI informants who have waived their right to confidentiality protection. ECF 75, p. 2.  This Court concludes that there was no error in Magistrate Judge Foschio's determination that the FBI appropriately invoked Exemption 7(D) in this case. *See*, *Buckley v. U.S. Dep't of Just.*, No. 19-CV-319F, 2021 WL 5371463, at *15 (W.D.N.Y. Nov. 18, 2021) (rejecting a virtually identical claim raised by Plaintiff's business partner).

Accordingly, Plaintiff's Objection to Recommendation 12 of the R&R is **DENIED**.

### Recommendation 13 – Exemption 7(E):

FOIA Exemption 7(E) protects "records or information compiled for law enforcement purposes," that, if disclosed, "would disclose techniques and

procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Exemption 7(E) "excludes documents from FOIA's disclosure requirement if an agency satisfies two conditions." *Knight First Amend. Inst. at Columbia Univ. v. United States Citizenship & Immigr. Servs.*, 30 F.4th 318, 327 (2d Cir. 2022). "First, the agency must show that the records were "compiled for law enforcement purposes." *Knight First Amend. Inst.*, 30 F.4th at 327 (quoting 5 U.S.C. § 552(b)(7)). "Second, the agency must show that the records either (1) 'would disclose techniques and procedures for law enforcement investigations or prosecutions'; or (2) 'would disclose guidelines for law enforcement investigations or prosecutions' and 'such disclosure could reasonably be expected to risk circumvention of the law.'" *Id*. (quoting 5 U.S.C. § 552(b)(7)(E)).

Records containing information about law enforcement techniques and procedures are "categorically exempt from FOIA disclosure, 'without need for demonstration of harm.'" *Mermelstein v. United States Dep't of Just., Fed. Bureau of Investigation*, No. 19CV00312GRBJMW, 2021 WL 3455314, at *13 (E.D.N.Y. Aug. 4, 2021), *report and recommendation adopted sub nom. Mermelstein v. United States Dep't of Just., Fed. Bureau of Investigation*, No. 19-CV-00312, 2021 WL 11628214 (E.D.N.Y. Aug. 19, 2021) (*quoting Iraq Refugee Assistance Project v. Dep't of Homeland Sec.*, No. 12-cv-3461, 2017 WL 1155898, at *5 (S.D.N.Y. Mar. 27, 2017).  Further, "Exemption 7(E) sets a relatively low bar for the agency to justify withholding" and "only requires that the agency demonstrate logically how the

release of the requested information might create a risk of circumvention of the law."

*Blackwell v. F.B.I.*, 646 F.3d 37, 42 (D.C. Cir. 2011) (internal quotation marks,

brackets, and citation omitted).

Magistrate Judge Foschio found that both the ATF and FBI appropriately

relied upon this Exemption to withhold certain information, including funding the

agencies provided in connection with their investigative activities. *See*, ECF 71, pp.

74-80.  In his objections, Plaintiff asserts that monetary amounts requested by

government personnel and/or paid by the government agencies to implement

particular investigative techniques are not "techniques," "procedures," or "guidelines"

so as to bring such information within the scope of Exemption 7(E).  ECF 75, pp. 3-

4.

Contrary to Plaintiff's assertion, however, this Court agrees with Magistrate

Judge Foschio's conclusion that the affidavits submitted by the agencies, which

include an explanation of how the amount of money a particular agency has paid or

plans to pay in order to implement certain investigative techniques would reveal

such agency's level of focus on certain types of law enforcement or intelligence

gathering efforts, was sufficient to establish the propriety of the agencies' reliance on

such Exemption as its basis for its withholdings.  *See, Poitras v. Dep't of Homeland*

*Sec.*, 303 F. Supp. 3d 136, 159 (D.D.C. 2018) (information reflecting monetary

payments for investigative techniques properly withheld under Exemption 7(E)).

Accordingly, Plaintiff's Objection to Recommendation 13 of the R&R is

**DENIED**.

**Recommendation 15 – *Glomar* Response:**

Plaintiff next objects Magistrate Judge Foschio's conclusion, *see*, ECF 71, pp. 82-84, that the Defendant did <u>not</u> waive its right to assert a *Glomar* response: (1) because Defendant failed to assert it in its answer or in its initial 2018 summary judgment motion; and/or (2) because Defendant's counsel during a scheduling conference in the case stated that there were tens of thousands of documents pertaining to Plaintiff. *See*, ECF 75, pp. 4-5.

This Court, however, concludes that the R&R correctly determined that the record establishes that the Defendant first asserted the *Glomar* response only after the FBI reprocessed Plaintiff's request and produced 13,000 additional pages. Since there was no basis for the FBI to assert any *Glomar* response prior to the discovery of the additional pages, the FBI's assertion of such exemption—having been made before the Magistrate Judge following the production of the additional pages—was timely. Moreover, as Magistrate Judge Foschio correctly concluded, defense counsel's off-the-cuff estimation regarding the number of documents to be processed in response to a FOIA request, does not amount to an admission that a "specific record exists" sufficient to constitute a waiver of a *Glomar* response. *See, Buckley v. U.S. Dep't of Just.*, No. 19-CV-319F, 2021 WL 5371463, at *16.

Accordingly, Plaintiff's Objection to Recommendation 15 of the R&R is **DENIED**.

**Recommendation 16 – Attorney's Fees:**

Finally, Plaintiff objects to Magistrate Judge Foschio's conclusion that any determination of Plaintiff's entitlement to attorney's fees is premature as summary

judgment has not yet been resolved.  *See*, ECF 71, pp. 84-84; ECF 75, pp. 5-6. Because the parties' summary judgments motions were not entirely resolved before Magistrate Judge Foschio and since, in view of this Court's Decision and Order, some motions remain, in part, unresolved, this Court determines that any consideration of attorney's fees remains premature. *See*, *Campbell v. U.S. Dep't of Just.*, 164 F.3d 20, 37 (D.C. Cir. 1998), *as amended* (Mar. 3, 1999). Plaintiff, of course, free to request such fees at a later stage in the litigation. *Id*.

Accordingly, Plaintiff's Objection to Recommendation 16 of the R&R, deferring any award of attorney's fees, is **DENIED** as premature.

## IV.    Conclusion

For the foregoing reasons and to the extent indicated above, Defendant's Objections are **GRANTED in part** and **DENIED in part**, while Plaintiff's Objections are **DENIED** as follows.  It is hereby,

**ORDERED**, that summary judgment is **GRANTED** to Defendant on Plaintiff's Privacy Act claim; and it is further

**ORDERED**, that summary judgment is **GRANTED** to Defendant on the adequacy of the FBI and ATF's searches; and it is further

**ORDERED**, that summary judgment is **GRANTED IN PART** to Defendant on the issue of segregability Plaintiff's Privacy act claim, <u>except</u> that Defendant must, <u>within 60 days from the date of this Decision and Order</u>, provide additional documentation permitting the Court properly to assess whether the voices contained on certain audiotapes are reasonably segregable; and **IT IS FURTHER ORDERED**, that should Defendant fail timely to file such supplemental submission addressing

such issue, summary judgment will be **GRANTED IN PART** to Plaintiff on the issue of the segregability of such audio tapes; and it is further

**ORDERED**, that summary judgment is **GRANTED** to Defendant with respect to pages withheld pursuant to FOIA Exemption 1 (records containing classified information; and it is further

**ORDERED**, that summary judgment is **GRANTED** to Defendant with respect to pages withheld pursuant to FOIA Exemption 3 (records containing material exempt from disclosure by statute); and it is further

**ORDERED**, that Defendant's motion for summary judgement with regard to FOIA Exemption 4 (records containing commercial or financial information obtained from a person and privileged and confidential) is **DISMISSED** as **MOOT**; and it is further

**ORDERED**, that summary judgment is **GRANTED IN PART** to Defendant with regard to pages withheld pursuant to FOIA Exemption 5 and the attorney-client privilege to the extent that Defendant must, <u>within 60 days from the date of this Decision and Order</u>, provide additional documentation permitting the Court properly to assess the applicability of such exemption to the 23 pages for which the R&R found such Exemption inapplicable; and **IT IS FURTHER ORDERED**, that should Defendant fail timely to file such supplemental submission addressing such issue, summary judgment will be **GRANTED IN PART** to Plaintiff as to such pages; and it is further

**ORDERED**, that summary judgment is **GRANTED** to Defendant with respect to pages withheld pursuant to FOIA Exemption 5 and the deliberative process privilege; and it is further

**ORDERED**, that summary judgment is **GRANTED** to Defendant with respect to pages withheld pursuant to FOIA Exemption 7 threshold (records information compiled for law enforcement purposes); and it is further

**ORDERED**, that summary judgment is **GRANTED IN PART** to Defendant with regard to pages withheld pursuant to FOIA Exemption 7(A)(law enforcement records which could interfere with enforcement proceedings) to the extent that Defendant must, within 60 days from the date of this Decision and Order, provide additional documentation permitting the Court properly to assess the applicability of such Exemption those pages which Defendant has withheld pursuant to such Exemption; and **IT IS FURTHER ORDERED**, that should Defendant fail timely to file such supplemental submission addressing such issue, summary judgment will be **GRANTED** to Plaintiff with regard to such pages; and it is further

**ORDERED**, that summary judgment is **GRANTED** to Defendant with respect to pages withheld pursuant to FOIA Exemption 6 and 7(C) (which protect against unwarranted invasions of privacy); and it is further

**ORDERED**, that summary judgment is **GRANTED** to Defendant with respect to pages withheld pursuant to FOIA Exemption 7(D) (records that would disclose the identity of a confidential source); and it is further

**ORDERED**, that summary judgment is **GRANTED** to Defendant with respect to pages withheld pursuant to FOIA Exemption 7(E) (law enforcement records which

disclose information that could endanger the life or physical safety of an individual); and it is further

      **ORDERED**, that summary judgment is **GRANTED IN PART** to Defendant with regard to pages withheld pursuant to FOIA Exemption 7(F)(law enforcement records which disclose techniques and procedures used in law enforcement investigations or prosecutions) to the extent that Defendant must, <u>within 60 days from the date of this Decision and Order</u>, provide additional documentation permitting the Court properly to assess the applicability of such Exemption those pages which Defendant has withheld pursuant to such Exemption; and **IT IS FURTHER ORDERED**, that should Defendant fail timely to file such supplemental submission addressing such issue, summary judgment will be **GRANTED** to Plaintiff with regard to such pages; and it is further

      **ORDERED**, that summary judgment on Plaintiff's contention that Defendant waived its right to assert a *Glomar* response is **DENIED**; and it if further

      **ORDERED**, that Plaintiff's claim for attorney's fees is **DENIED** as premature; and it is further

      **ORDERED**, that the case shall be remanded back to Magistrate Judge Foschio for further proceedings consistent with this Decision and Order.

      **IT IS SO ORDERED.**


          *s/Richard J. Arcara*
          HONORABLE RICHARD J. ARCARA
          UNITED STATES DISTRICT COURT

Dated:   May 27, 2024