UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LESLIE JAMES PICKERING,

                            Plaintiff,

                                                                         **DECISION AND ORDER**
            v.                                                                            14-CV-330-A

U.S. DEPARTMENT OF JUSTICE,

                            Defendant.
_____

**I.**     **Background**

Plaintiff Leslie James Pickering commenced this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, on May 1, 2014, seeking, *inter alia*, the disclosure and release of agency records pertaining to Plaintiff and withheld by Defendant United States Department of Justice ("DOJ" or "Defendant"), and its components, the Federal Bureau of Investigation ("FBI") and the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). This Court referred the case to the Honorable Leslie G. Foschio, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), to handle pretrial proceedings.

This Court assumes the parties' familiarity with the underlying facts and procedural history.

Following the filing of summary judgment motions by both Defendant (ECF 23 and 27) and Plaintiff (ECF 33), as well as supplemental summary judgment motions by both Defendant (ECF 62 and 63) and Plaintiff (ECF 67), this Court, on May 14,

2024, issued a Decision and Order ("D&O") (ECF 82), which adopted, in part, Magistrate Judge Foschio's September 29, 2023, Report and Recommendation (R&R)(hereinafter referred to as "R&R#1")(ECF 71), and remanded the case back to Magistrate Judge Foschio for further proceedings consistent with such D&O.

Following the remand and after receiving additional submissions from the Defendant (ECF 83 and 84), Magistrate Judge Foschio, on December 2, 2024, issued a second R&R (ECF 85)(hereinafter referred to as "R&R#2").

When considered together, R&R#1 and R&R#2 essentially recommend that Defendants' motions for summary judgment should be granted and Plaintiff's motions for summary judgment should be denied, with one caveat. That caveat pertains exclusively to two Bates-numbered pages in the FBI's *Vaughn* Index, *to wit*, pages 11635 and 11652. The two pages were among twenty-two pages which the FBI withheld citing FOIA Exemption 5 and its claim of attorney client privilege. (ECF 85, p. 31, n.11). With regard to the two pages, Magistrate Judge Foschio determined that although the Defendants' additional submission (ECF 84) did provide a sufficient basis to establish the propriety of the FBI's decision to withhold 20 of the 22 Bates-numbered pages based upon FOIA Exemption 5 and its claim of attorney client privilege, such submission failed to provide any argument regarding the applicability of such FOIA Exemption to the two pages at issue. (ECF 85, pp. 19-22). Consequently, with regard to those two pages—and those two pages alone—R&R#2 recommended that the Defendant FBI's motions for summary judgment should be denied and the Plaintiff's motion for summary judgment should be granted.

On December 16, 2024, Defendant (ECF 86) filed its objections R&R#2. Defendant's sole objection to R&R#2 pertains exclusively to recommendation that the FBI's Supplemental Motion (ECF 62) seeking summary judgment should be denied and the Plaintiff's Motion (ECF 33) and Plaintiff's Supplemental Motion (ECF 67) seeking summary judgment should be granted on the grounds that the FBI had failed to establish the applicability of any FOIA Exemption sufficient to justify its decision to withhold the two aforementioned Bates-stamped pages at issue, *to wit*, pages 11635 and 11652. (ECF 86, p.17). Plaintiff filed no objections to R&R#2.

Since the filing of Defendant's original objection, however, both parties have filed submissions (ECF 88, 89) requesting that such objection be resolved by having this Court conduct an *in camera* review the two-pages at issue to determine whether the attorney-client privilege applies to their contents.

If, upon conducting such *in camera* review this Court were to determine that the privilege did not apply such that the FBI's decision to withhold such pages was not justified, then this Court's adoption of R&R#2 would be in its entirety. If on the other hand, this Court were to determine that the privilege did apply such that the FBI's decision to withhold such pages was justified, then this Court's adoption of R&R#2, would only be in part, as this Court would grant summary judgment to Defendant on FBI's Supplemental Motion (ECF 62), and deny summary judgment to Plaintiff on both his Motion (ECF 33) and Supplemental Motion (ECF 67).

For the reasons which follow, this Court **ADOPTS** Magistrate Judge Foschio's thorough and well-reasoned R&R#2, except for its recommendations regarding FBI's Supplemental Motion (ECF 62), Plaintiff's Motion (ECF 33), and Plaintiff's

3

Supplemental Motion (ECF 67), as resolution of such motions will have to await this Court's *in camera* review of Bates-stamped pages 11635 and 11652 in the FBI's *Vaughn* Index. Upon this Court's *in camera* review of those two pages, this Court will issue a further Decision and Order addressing whether this Court's adoption of R&R#2 is *in full* (if this Court determines that the FBI's withholding of the 2 pages at issue was <u>not</u> justified under FOIA), or only *in part* (if this Court determines that the FBI's withholding of the 2 pages *was* justified under FOIA).

## II.    Legal Standard

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.

Federal Rule of Civil Procedure 72(b)(3) provides, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" (emphasis added). Here, the sole objection filed pertains to two pages, to which the government claims FOIA's Exemption 5 applies. No objections have been filed with regard to the remainder of R&R #2.

## III.    Analysis

As noted, the only objection filed with respect to R&R#2 pertains exclusively to Judge Foschio's determination that the FBI failed to establish that it had properly

withheld two pages— Bates-stamped pages 11635 and 11652 in the FBI's *Vaughn* Index—pursuant to FOIA Exemption 5.  (ECF 85, p. 21).

At the outset, this Court notes that it finds no clear error with respect to those portions of Magistrate Judge Foschio's R&R#2, to which the parties have not objected. "When no timely objection is filed, the [C]ourt need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." 1983 Advisory Committee Note to Fed. R. Civ. P. 72(b); *see Patton v. Ford Motor Co.*, 14-CV-0308-RJA-HBS, 2017 WL 2177621 *2 (W.D.N.Y. May 18, 2017).

Here, the only objections filed with respect to R&R#2 pertain to an exceedingly narrow recommendation contained therein, and this Court has satisfied itself that no clear error exists with respect to the unobjected to recommendations set forth in R&R#2.  Accordingly,  this Court accepts and adopts the unobjected to recommendations in their entirety.

With respect to those portions to which objections have been filed—that is, those portions of R&R#2 as recommend, based upon the Defendant's withholding of Bates-stamped pages 11635 and 11652 in the FBI's *Vaughn* Index, that Plaintiff's Motion (ECF 33) and Plaintiff's Supplemental Motion (ECF 67) should be granted and that the FBI's Supplemental Motion (ECF 62) should be denied—this Court will defer its determination of whether to adopt such recommendations until it has the opportunity to conduct an *in camera* review of the 2 pages at issue.  Upon its completion of its review of such pages, this Court will issue an additional Decision and Order regarding whether those two pages are exempt from disclosure.

In FOIA cases, the Second Circuit has endorsed the use of *Vaughn* indices as a means to "facilitate the task of asserting and adjudicating the requester's challenges to the Government's claims of exemption" by "giv[ing] the court and the challenging party a measure of access without exposing the withheld information." *N.Y. Times Co. v. U.S. Dep't of Justice*, 758 F.3d 436, 439 (2d Cir.), *supplemented*, 762 F.3d 233 (2d Cir. 2014).  In exceptional cases, however, the Court has nevertheless endorsed the use of *in camera* review to determine whether a particular record has been properly withheld.

"With respect to *in camera* review, we adopted a restrained approach permitting such review where the record showed the reasons for withholding were vague or where the claims to withhold were too sweeping or suggestive of bad faith, or where it might be possible that the agency had exempted whole documents simply because there was some exempt material in them."  *Halpern v. F.B.I.*, 181 F.3d 279, 292 (2d Cir. 1999).  Here, the FBI's *Vaughn* Index lists more than 14,000 pages of information responsive to Plaintiff's FBI FOIA request. (ECF 85, p.5, n.3). Previously, this Court provided Defendant's agencies with the opportunity demonstrate, by means of declarations from representatives of the ATF and FBI, why certain disputed document were exempt from disclosure. *See*, ECF 83 and 84; *see also Seife v. U.S. Dep't of State*, 298 F. Supp. 3d 592, 630 (S.D.N.Y. 2018) (a "district court should first offer the agency the opportunity to demonstrate, through detailed affidavits and oral testimony, that the withheld information is clearly exempt and contains no segregable, nonexempt portions").  Given that opportunity, the Defendant carried its burden with respect to all but 2 withheld pages that the FBI's

declaration failed even to address. (ECF 85, p. 19). Yet, with regard to those 2 pages, there is nothing in the record currently before this Court that would allow it to determine whether such disputed pages were properly withheld. "Only if the government's affidavits make it effectively impossible for the court to conduct *de novo* review of the applicability of FOIA exemptions is *in camera* review necessary." *Assoc. Press v. U.S. Dep't of Justice*, 549 F.3d 62, 67 (2d Cir. 2008). For that reason, and considering not only the fact that this case has been pending for over a decade but also that the number of records in dispute are extremely limited, this Court determines that the most efficient way to resolve the matter is for the 2 disputed pages to be provided to it for *in camera* review. *See*, *Adelante Alabama Worker Ctr. v. United States Dep't of Homeland Sec.*, 376 F. Supp. 3d 345, 360 (S.D.N.Y. 2019) ("when the requested documents are few in number and of short length *in camera* review may save time and money." [citations and quotations omitted]). In fact, both parties request that this Court do just that. (ECF 88, 89).

**IV.   Conclusion**

Accordingly, and for the reasons set forth above, it is hereby

**ORDERED**, that Magistrate Judge Foschio's R&R#2 (ECF 85), is hereby **ADOPTED BY THIS COURT AND THE RECOMMENDATIONS CONTAINED THEREIN ARE ACCEPTED BY THIS COURT AS ITS OWN**, *__EXCEPT__* that this Court, pending its *in camera* review of Bates-stamped pages 11635 and 11652 in the FBI's *Vaughn* Index, **DEFERS** determination of whether to adopt of those portions of R&R#2 as recommend: (1) that Plaintiff's Motion (ECF 33) should be granted in part, and denied in part**;** (2) that Plaintiff's Supplemental Motion (ECF 67)

should be granted in part, denied in part, and dismissed as moot in part; and (3) that FBI's Supplemental Motion (ECF 62) should be granted in part, denied in part, and dismissed as moot, in part; and it is further

**ORDERED**, that the government shall, **within 14 days of the date of filing this Decision and Order**, provide to this Court, under seal, Bates-numbered pages 11635 and 11652 in the FBI's *Vaughn* Index, so that this Court may undertake an *in camera* review of such pages to determine whether they are protected under FOIA Exemption 5 and the attorney client privilege (ECF 86, p.17); and it is further

**ORDERED**, that Defendant ATF's Motion (ECF 23) is **GRANTED**; and it is further

**ORDERED**, that the FBI's Motion (ECF 27) is **DISMISSED as moot**; and it is further

**ORDERED**, that ATF's Supplemental Motion (ECF 63) is **DISMISSED as moot**; and it is further

**ORDERED**, that upon completion of this Court's *in camera* review of the pages set forth above and its issuance of a further D&O, this case shall be remanded back to Magistrate Judge Foschio for resolution of Plaintiff's request for attorney's fees.

**IT IS SO ORDERED.**

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   February 3, 2025